## THE STATE BANK *v.* ENSMINGER.

An action for money had and received lies to recover the excess of interest paid on a usurious contract.

In such suit against the state bank, the plaintiff proved that the bank had discounted several notes for him, and retained, under the name of exchange, a certain sum over and above legal interest; that the bank had discounted other notes for the plaintiff, during several years, after those charged with exchange were payable; and that the plaintiff's bank account was balanced. *Held*, that it might be inferred that the notes charged with exchange were paid. *Held*, also, that the retaining said sum over and above legal interest, as exchange, was usury.

The plaintiff in such suit offered in evidence a copy of so much of the discount book of the bank, as showed the usury complained of; the original not being produced on notice. The clerk of the bank, who had made the copy on the plaintiff's application, testified, that, having made it in a hurry, he could not be certain as to its accuracy. *Held*, that the copy was legal evidence.

The pleas in such suit were the general issue and the statute of limitations. After the trial was commenced, the cause, by consent, was withdrawn from the jury and submitted to the Court; the parties agreeing that the only issue should be, whether the defendant had received usurious interest from the plaintiff, and how much. *Held*, that, by the agreement, the defendant had waived the plea of the statute of limitations.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—*Ensminger* sued the state bank in assumpsit for money had and received. Plea, general issue. There was also a plea of the statute of limitations, replication thereto, and issue. A jury having been called, and the plaintiff having made some progress in his testimony, it was agreed

VOL. VII.—14

by the parties to withdraw the cause from the jury and submit it to the Court, and that the only issue to be tried should be, whether the defendant had received usurious interest from the plaintiff, and how much. The cause was accordingly submitted to the Court, who found for the plaintiff, and rendered judgment in his favour.

On the trial, the plaintiff proved that the branch bank at *La Fayette* kept a book, called the " discount book," for its own use and convenience, which book contained a list of paper discounted by the branch bank, showing for whom discounted, the amount, the terms of the discount, when due, &c.; that the plaintiff had given the requisite notice to produce the book, and the refusal of the defendant to produce it; and that he had caused a clerk of the branch bank to copy so much of the book as contained the transactions of the plaintiff with the branch bank, and to deliver the copy to the plaintiff. The clerk who made the copy testified, that, having made it in a hurry, he could not be certain as to its accuracy. The plaintiff then offered the copy in evidence, and it was received against the defendant's objection. The copy showed that the branch bank discounted for the plaintiff several notes, all payable in the town of *La Fayette*, and retained, under the name of exchange, over and above legal interest, a sum equal to the finding of the Court in favour of the plaintiff. It also showed that the branch bank had discounted for the plaintiff, during several years, other notes, after those charged with exchange were payable; and that the plaintiff's bank account was balanced.

The object of the suit was to recover of the defendant the excess over legal interest, paid by the plaintiff on his bank loans.

It is urged by the defendant that an action for money had and received will not lie for money so paid. The general rule certainly is, that where money has been paid on an illegal contract, the parties being equally in fault, it cannot be recovered back. But this doctrine is not applicable to contracts or transactions in violation of statutes, the object of which is to protect one class of the community from the oppression and exactions of another class, having, from their situation and condition, the power in a great measure to

May Term,
1844.

THE STATE
BANK
v.
ENSMINGER.

impose their own terms, however hard, upon those with whom they deal. The parties to a contract made under such circumstances are not *in pari delicto.* Hence it has been settled in *England,* that an action for money had and received will lie for the excess of interest paid on a usurious contract. Chitt. on Cont. 497.—*Browning* v. *Morris,* Cowp. 790.—*Smith* v. *Bromley,* 2 Dougl. 696, notes a, b.—*Williams* v. *Hedley,* 8 East, 378. The same principle has been established in *New York* and *Massachusetts. Wheaton* v. *Hibbard,* 20 Johns. 290. A distinction has been attempted to be drawn between those cases and the one under consideration, because the statutes against usury in *England, New York,* and *Massachusetts* do not, like ours, punish the offence of taking usury by indictment. Those statutes, however, expressly prohibit the reception of more than the prescribed rate of interest, render a contract on which more is taken or reserved void, and inflict a penalty on the taker of usury recoverable in a *qui tam* action. These provisions render the contract illegal as much as if the penalty was enforced by indictment. Indeed, it is the prohibition to make a contract which renders it illegal, and not the punishment inflicted for a violation of the prohibition. But our statute discriminates between the criminality of the giver and the taker of usury, by inflicting a punishment only on the latter. An action for money had and received will lie to recover back money paid for usury.

It is also contended that there was no evidence that the defendant had received usury, because it was not expressly proved that the notes on which exchange had been charged and retained were ever paid. This objection is not sufficient to set aside the finding of the Court. The extract from the discount book showed, that the bank had discounted new notes for the plaintiff long after those on which exchange had been charged were payable. As the charter of the bank prohibits discounts to persons who are in arrear in their loans, it was fairly inferible that the last named notes had been paid. Besides, there was evidence that the account of the plaintiff with the bank was balanced.

It is further objected that the Circuit Court erred in admitting in evidence the extract from the discount book. We do

not think so. Notice to produce the original had been given. Its production was refused. Had it been voluntarily produced, there can be no doubt of its having been legal evidence against the defendant. It contained evidence that the defendant claimed and received, in addition to legal interest, exchange on the discount of notes, when not the slightest pretence for exchange existed. This certainly constituted usury. As the plaintiff could not produce the original, a sworn copy was the best secondary evidence of its contents. The plaintiff applied to a clerk of the bank for a copy of the discount book so far as his own dealings with the bank were concerned; he obtained what was delivered to him as a copy, and proved by the clerk who made it, that it was designed to be a copy, but that owing to his hurry he could not swear positively to its accuracy. As the defendant, having possession of the original, alone possessed the means of detecting any incorrectness in the copy, and failed to do it, we think the copy was sufficiently authenticated to go in evidence.

The defendant contends for the benefit of the plea of the statute of limitations, but in our opinion without reason. The agreement under which the cause was withdrawn from the jury, and submitted to the Court, was a waiver of that plea.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*Z. Baird* and *R. C. Gregory*, for the plaintiff.

*D. Mace*, for the defendant.