BERRY v. MAKEPEACE.

BERRY
v.
MAKEPEACE.

A justice of the peace has no authority to render a judgment bearing more than legal interest, even by the consent of the parties.

A judgment was rendered by a justice of the peace, while the statute of 1838 was in force, by the consent of the defendant, bearing 10 *per cent.* interest. *Held*, that this was not a valid contract under that statute for the payment of that rate of interest.

Where one of several defendants in such a judgment has paid 10 *per cent.* interest thereon, he is a proper party to sue for the excess paid over the legal rate.

In assumpsit against the judgment-plaintiff to recover an excess of interest received by him on the judgment over the legal rate, he pleaded to the declaration that he did not take and receive the same, nor did he promise, &c., within one year previous to the commencement of the suit. Upon this plea, the plaintiff took issue. *Held*, that the action not having been brought under the provisions of the statute, to recover the whole of the interest paid as illegal, the issue raised was an immaterial one.

An action for money had and received lies at common law to recover back an excess of interest paid over that established by statute.

*Wednesday, December 3.*

ERROR to the *Madison* Circuit Court.

SMITH, J.—Assumpsit by the plaintiff in error against the defendant in error upon a count for money had and received. A bill of particulars was filed with the declaration, showing that the demand was for an excess of interest over six *per cent.*, paid on three judgments for 100 dollars each, and one for 51 dollars and 99 cents, rendered by a justice of the peace against *Berry* and one *Williams*, and upon which judgment one *Kindle* became replevin-bail.

Pleas—1st. The general issue; 2d. That the defendant did not take and receive said money, nor did he promise, as in the declaration alleged, within one year previous to the commencement of the suit. The plaintiff replied to the second plea, that the defendant did demand and receive said money within one year, &c.

The trial of these issues was submitted to the Court, and judgment was rendered for the defendant.

Transcripts of the judgments were offered in evidence. They were all rendered on the 5th of *August*, 1840, and were entered on the docket of the justice in the following form:

"Now come the parties, by consent, and the defendant confesses a judgment. Therefore, it is considered that the plaintiff recover of the defendants, *Berry* and *Williams*, a confessed judgment for the sum of 100 dollars and interest at the rate of 10 *per cent., per annum*, until paid. To be paid in good bank paper, by agreement of the parties," &c.

There were receipts upon these judgments, showing that 100 dollars had been made by an execution, and that various payments had been made by *Berry*, and *Kindle*, the replevin-bail, previous to the 7th of *September*, 1848, which, with the money made by the execution, amounted to 229 dollars and 21 cents. On the day last named *Makepeace* received from *Berry* 300 dollars more, which he accepted as a satisfaction of said judgments.

The justice who rendered the judgments was called as a witness by the defendant, and he stated that the judgments were rendered for a partnership debt due by *Berry* and *Williams* to *Makepeace;* that *Berry* and *Makepeace* appeared before him voluntarily, and *Berry* proposed to give *Makepeace* these judgments bearing 10 *per cent.* interest, provided *Makepeace* would agree to receive payment in bank paper; and that the judgments were so rendered pursuant to the agreement of *Berry* and *Makepeace*, *Williams* not being present.

The plaintiff in error contends that the justice of the peace had no authority to render a judgment bearing more than legal interest; and that, though there was a statute in force at the time, which authorized a contract for the payment of 10 *per cent.* interest, if made in writing and signed by the party to be charged, these judgments are not such contracts.

We think these positions are correct, and that *Berry* was entitled to recover back, in this action, the amount paid by him over and above the sums due on the judgments, calculating the rate of interest at six *per cent.*

The defendant in error contends that the suit was not brought by the proper parties; that *Williams* and *Kindle* should have been joined with the plaintiff. But,

Nov. Term, 1851.

as it appears that the payment of 300 dollars on the 7th of *September*, 1848, was made by *Berry*, we think he may recover in his own name so much of that sum as remains after deducting the amount actually due on the judgments. The balance was received by the defendant without consideration, and having no right to it, he may be considered as holding it for the person from whom he received it.

The issue made by the second plea is an immaterial one. That plea might have been applicable if the action had been brought under the statutory provision, (R. S. c. 31, s. 30, p. 581,) to recover the whole of the interest paid as illegal, but such is not the case. This suit is for the excess of interest paid, which may be recovered back in this form of action, by the common law, and independently of the statute of the state. *The State Bank v. Ensminger*, 7 Blackf. 105.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Davis*, for the plaintiff.

*D. Kilgore*, for the defendant.