## Case No. 2,256.

### BUTTRICK v. HARRIS.

[1 Biss. 442;[1] 3 Am. Law Reg. (N. S.) 112.]

Circuit Court, D. Wisconsin. April Term, 1864.

USURY—ADDING EXCHANGE NOT NECESSARILY USURY.

1. Where a contract is simply for a loan of money, and the capital is to be returned at all events, any profit made, or loss imposed upon the borrower in addition to the legal rate of interest, is usury, no matter what form or disguise it may assume.

2. A promissory note made and payable in the city of Milwaukee, with interest at the rate of twelve per cent. and exchange on Boston, not exceeding one per cent., is on its face usurious

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

under the laws of Wisconsin, and the mere fact of the residence of the payee being in the state of Massachusetts, near Boston, is not evidence that the exchange was added for the accommodation of the maker.

3. It seems, however, that where an addition is made for the price of exchange, not for the loan or forbearance, but as compensation for accepting payment in a place less convenient or where money is less valuable, the contract may be lawful.

At law. The note in suit was given by defendants, John S. Harris and Albert B. Harris, to the plaintiff, in the city of Milwaukee, by which they promise to pay to the order of the plaintiff, two years after date, at the Marine Bank, in said city, three thousand dollars, with interest at the rate of twelve per cent. per annum, said interest payable semi-annually with exchange on Boston, on said principal, and interest not exceeding one per cent. It appeared in evidence that the plaintiff resided in the State of Massachusetts, near Boston, that he had money loaned out in Milwaukee, which on being collected by his agents was borrowed by the defendant, John S. Harris, and for which the note in suit was given. There was no express proof that the note was made payable in Milwaukee with exchange on Boston, corruptly, or for usurious interest, or for the accommodation of the borrower at his request. [There was a verdict for plaintiff, and defendant moved for a new trial, which motion the court decided should be granted unless plaintiff remitted the interest allowed by the jury.]

D. G. Hooker, for plaintiff.
Emmons & Van Dyke, for defendants.

MILLER, District Judge. The law of the state of Wisconsin, under which the contract was made, prohibited all corporations and persons from taking directly or indirectly any greater sum for the loan or forbearance of money than twelve per cent. And all notes or securities, whereby there was reserved or secured a rate of interest exceeding twelve per cent., were declared to be valid and effectual to secure the repayment of the actual sum loaned without interest. The present law of the state limits the rate of interest to seven per cent.

It is well settled that upon a contract for the loan of money the lender is not at liberty to stipulate even for a contingent benefit beyond the legal rate of interest, if by the terms of the agreement, he has a right to the repayment of the money loaned with the legal interest thereon, at all events. 2 Pars. Cont. 403, 405; Cleveland v. Loder, 7 Paige, 557.

A stipulation even for a chance of advantage beyond legal interest, is illegal. Courts will not lend their aid to enforce an unlawful contract.

A profit made, or loss imposed on the necessities of the borrower, whatever form, shape, or disguise it may assume, where the treaty is for a loan, and the capital is to be returned at all events, has always been adjudged to be so much profit taken upon a loan, and to be a violation of those laws, which limit the lender to a specified rate of interest. It was conceded that exchange between Boston and Milwaukee was uniformly in favor of Boston. Reserving interest as discount is unlawful. Bank of U. S. v. Owens, 2 Pet. [27 U. S.] 527. A contract for the purchase of an annuity may be infected with usury. Lloyd v. Scott, 4 Pet. [29 U. S.] 205. And in a sale of land, if the lender takes more than legal interest for the forbearance of the debt, it is usury. Ruffner v. Hogg, 1 Black [66 U. S.] 115. When a bank discounts a note with depreciated paper it is usury. Gaither v. Farmers' & Mechanics' Bank, 1 Pet. [26 U. S.] 37.

A fair rate of exchange on foreign bills, according to current rates, may be received, but if more was intended to be taken, it is usury. And if a charge for exchange is a cover for usury, the contract is void. Andrews v. Pond, 13 Pet. [38 U. S.] 65, 80.

It is not usury in a bank having the power by its charter to deal in exchange, to charge the market rate of exchange upon time bills. Buckingham v. McLean, 13 How. [54 U. S.] 150.

The court says: "The reason why the addition of the current rate of exchange to the legal rate of interest does not constitute usury is, that the former is a just and lawful compensation for receiving payment at a place where money is expected to be less valuable than at the place where it is advanced and lent. * * * The contract is not unlawful, unless more than six per cent. has been reserved or taken for interest; if more has been reserved or taken, not for the loan and forbearance, but for a change in the place of payment, then the contract is lawful." In the case under consideration, the money was in Milwaukee, where it was advanced, and where the plaintiff agreed to receive it in the same funds, as to their par value, that he advanced, with the highest rate of interest, and one per cent. added.

The note is not payable in Boston with exchange, but in Milwaukee.

In Stevens v. Lincoln, 7 Metc. [Mass.] 525, which was an action to recover usurious interest paid, it was conceded that a note made in the state of Massachusetts, and payable in the same state, with interest and exchange, was usurious. The exchange was considered a cover for usurious interest. The maker of two promissory notes, in order to obtain a renewal, gave a new note for the amount, paying the interest due and the discount, and in addition, he transferred to the holder, at par, drafts on New York and Albany, worth three-fourths of one per cent. premium, to an amount equal to the debt.

Being a transaction within the state of New York, it was held to be usurious. Seneca Co. Bank v. Schermerhorn, 1 Denio, 133. In Bank of U. S. v. Davis, 2 Hill, 451, the same principle is recognized. The bank having discounted a bill of exchange on New York, charged exchange in addition to the amount allowed by law. In the case of Oliver Lee & Co.'s Bank v. Walbridge, 19 N. Y. 134, the note was made in the city of Buffalo, discounted at a bank of that city, and was made payable in the city of New York, with the purpose in the parties to enable the banker to realize a profit from a difference of exchange between Buffalo and New York; a majority of the court held that there was no usury in the contract, for the reason that the law recognized no difference in value in money within the state. But the evident inclination of the judges delivering opinions was, to consider the contract usurious in principle. The supreme court of the state of Indiana, in State Bank v. Ensminger, 7 Blackf. 105, and in Mix v. Madison Ins. Co., 11 Ind. 117, adjudged notes similar to the note in this suit, to be usurious. Towslee v. Durkee, 12 Wis. 480, establishes the principle in this state, that where the lender made a condition of a loan within the state, that exchange on New York should be paid in addition to lawful interest, the contract was usurious.

The law of the place of the contract forbade the receiving or contracting for a greater amount of interest than twelve per cent., directly or indirectly. If a larger amount of interest than twelve per cent. were expressly reserved, the contract may be pronounced usurious without further inquiry, as it is for the court to construe a written instrument, which exhibits an usurious contract. Bank of U. S. v. Waggener, 9 Pet. [34 U. S.] 378; Levy v. Gadsby, 3 Cranch [7 U. S.] 180; Walker v. Bank of Washington, 3 How. [44 U. S.] 62. It is equally the duty of the court so to construe a written instrument, which exhibits an unlawful intent to contract for usury indirectly. There is no proof, in explanation of the reason, for making the note payable with exchange. [Neither party requested it.][2] The note was thus drawn and signed. In the absence of proof on the subject, the mere fact of the payee's residence being near Boston will not relieve him of the imputation of indirectly contracting for a greater profit on the loan than the law allowed, and that his case comes fully within the prohibition of the statute. I think the note is usurious on its face, as a contract for a greater sum for the loan of money than twelve per cent. An usurious intent is inferable from the contract.

As the jury allowed interest in the verdict, a new trial will be granted, unless the plaintiff remits the excess over the principal of the note.

[2] [From 3 Am. Law Reg. (N. S.) 112.]