## HOLCRAFT *v.* MELLOTT.

USURY.—*Pleading.—Demurrer.—Motion to make Specific.—Promissory Note.—Practice.*—Where, in an action on a promissory note, the defendant answers alleging that such instrument is the last of a series of usurious renewals of a usurious promissory note, and that the real principal, and lawful interest thereon, have been overpaid, and asking to recoup the excess, an objection that the dates of such renewals, and of the payments thereon, are not alleged, should be made, not by demurrer, but by motion to make more specific.

SAME.—*Recoupment.—Repeal of Statute.—Direct Action.*—By the act of March 9th, 1867, (1 R. S. 1876, p. 599,) concerning interest on money and the recoupment of usury, so much of section 5 of the act of March 7th, 1861, (1 R. S. 1876, p. 599,) on the same subject, as amended by the act of December 19th, 1865, (3 Ind. Stat., p. 316,) as prohibited the recoupment of usury was repealed, but that part of such section prohibiting a direct action therefor is still in force.

SAME.—*Promissory Note.—Dismissal of Action.—Effect of.—Practice.*—Where, in an action on a promissory note wherein the defendant answers seeking to recoup usurious interest, alleged to have been paid, the plaintiff dismisses his complaint, such dismissal carries all the pleadings out of court, and the defendant can not prove or recover such usury.

SAME.—*Extent of Recovery.—No Judgment for Excess.*—Recoupment of usurious interest, alleged to have been paid on a promissory note in suit, can be had only to the extent of any balance due on such note, and judgment for any excess of such usury can not be rendered.

SAME.—*Recoupment.—Set-Off.*—In recoupment, the defendant can only use his claim in diminution or abatement of the plaintiff's cause of action, and can not, as in set-off, recover for the excess of his claim over that of the plaintiff.

From the Tipton Circuit Court.

*J. Green, D. Waugh* and *J. Waugh,* for appellant.

*N. R. Overman* and *J. T. Cox,* for appellee.

HOWK, J.—The appellant, as plaintiff, sued the appellee and two other persons, as defendants, in the court below, on a promissory note. The note was for two hundred and twelve dollars, was dated December 23d, 1873, was executed by the defendants, was payable twelve months after date to the order of the appellant, with interest at the rate of ten per cent. per annum after matur-

ity, and was credited with one hundred and sixty dollars, paid December 29th, 1874. This suit was brought to recover the residue of said note, which was alleged to be due and wholly unpaid.

To appellant's complaint, the appellee separately answered in two paragraphs.

In the first paragraph, the appellee alleged, in substance, that he admitted the execution of the note sued on, but he averred, that said note was usurious and void, and was corruptly and usuriously obtained by the appellant, in this: that on January 12th, 1869, appellee borrowed of the appellant the sum of five hundred dollars, and gave his note for five hundred and ninety dollars, of which note ninety dollars was interest for one year on said sum of five hundred dollars; that appellee paid on said note, at one time, two hundred dollars, and at another time, thirty-five dollars; that on December 5th, 1870, appellee took up said note and gave the appellant a new note for four hundred and thirty-six dollars; that on June 1st, 1871, appellee took up said last note and gave the appellant a new note for five hundred and twenty dollars and eighty cents; that he paid on said last mentioned note three hundred dollars, and, on April 23d, 1873, took up said note, and gave the appellant a new note for three hundred and twenty dollars; that appellee paid on said last note the sum of one hundred and forty dollars, and, on December 23d, 1873, took up said note, and gave the appellant the note now in suit for two hundred and twelve dollars; that appellee had paid on the note in suit one hundred and sixty dollars, and that all said notes bore interest at the rate of ten per cent. Wherefore the appellee prayed, that he might be allowed to recoup the illegal interest so paid to appellant, against the sum claimed by appellant on said note, and asked judgment for the residue.

In the second paragraph of his answer, the appellee set out the same payments as he had stated in the first para-

graph, but with no more certainty as to the dates of such payments; that the sum borrowed by the appellee from the appellant, on the 12th day of January, 1869, was five hundred dollars, and the aggregate of such payments thereon was eight hundred and fifty-five dollars, and that the note in suit was given for the balance due, or claimed to be due, on said sum of five hundred dollars. Wherefore the appellee said, that he had overpaid the amount due on said indebtedness, on notes corruptly, fraudulently and usuriously obtained by the appellant, and he demanded judgment for three hundred dollars, the sum so overpaid over and above the balance claimed to be due on the note sued on.

To each paragraph of the appellee's answer, the appellant demurred for the want of sufficient facts therein to constitute a defence to the action, which demurrers were severally overruled, and the appellant excepted to these decisions.

The appellant then replied in two paragraphs, the first being a general denial, and the second setting up affirmative matter, which we need not specially notice.

To the second reply the appellee demurred for the want of sufficient facts therein, which demurrer was sustained, and to this decision the appellant excepted. And the appellant then dismissed this action, at his own proper costs, and judgment was rendered against him, by the court below, for all the costs of the action.

After this dismissal of the cause, on the appellee's motion, and over the appellant's objections and exceptions, the court below allowed the appellee to make proof of the matters alleged in his answers; and, upon said answers and proof, the court found for the appellee, against the appellant, in the sum of two hundred and five dollars. And appellant's written motion for a new trial having been overruled, and his exception saved to such decision, a judgment was rendered by the court below, on its said

finding, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned as errors the decisions of the court below, in overruling his demurrers to appellee's answers, and in overruling his objections to the trial on appellee's answers after appellant's dismissal of the action, and in overruling appellant's motion for a new trial.

There is a want of clearness and certainty in the averments of each paragraph of appellee's answer, which would prevent us from regarding either paragraph as a model of good pleading. But this defect in, or objection to, a pleading of any kind is one that a demurrer for the want of sufficient facts will seldom reach. A motion to make more specific is generally the proper remedy, and it was so in this case.

In our opinion, the court below committed no error in overruling the appellant's demurrers to the appellee's answers.

Did the court below err in retaining the appellee's answers, after the appellant's dismissal of the action, as a separate action by the appellee, and in allowing the appellee to go to trial on his answers, and in making a finding and rendering judgment, in favor of the appellee and against the appellant, for the amount of usurious interest paid by the appellee to the appellant? This is really the controlling question in this case.

By the last clause of the 5th section of "An act regulating interest on money," etc., approved March 7th, 1861, it was provided, "that in all cases in which money or any other thing of value shall have been voluntarily paid as interest for the loan, use, or for usance of money, the same shall not be recovered back, either directly or by any [way] of set-off, or counter-claim or payment." 1 R. S. 1876, p. 600.

This clause, just cited, was enacted by an amendatory act, approved December 19th, 1865. 3 Ind. Stat.,p. 316.

The act entitled "An act concerning interest on money, and to provide for the recoupment of usurious interest," approved March 9th, 1867, contained this provision: "All interest exceeding the rate of ten per centum per annum shall be deemed usurious and illegal, as to the excess only, and in any action upon a contract affected by such usury, such excess may be recouped by the defendant whenever it has been reserved or paid before the bringing of the suit." 1 R. S. 1876, p. 599, sec. 2, note 2.

The act last cited contained no repealing clause or section; but, being the later expression of the legislative will on the subject of "interest on money," this act repealed, by implication, so much, and only so much, of the provisions of the act of March 7th, 1861, and of the amendatory act of December 19th, 1865, before cited, on the same subject, as was in conflict or inconsistent therewith.

The act of March 9th, 1867, certainly repealed, by implication, so much of the amended 5th section, before cited, of the act of March 7th, 1861, as prohibited the recoupment of usurious interest; but the prohibition in said amended section, against a direct action for the recovery back of usurious interest voluntarily paid, has not been repealed in any manner, and is still a part of our law.

When the appellant in the case at bar dismissed his action, there was thereafter no action pending in the court below on the note affected with usury, and the appellee's answers or counter-claims became and were direct actions for the recovery back from the appellant of usurious interest, which, we must assume, the contrary not appearing in said answers, had been voluntarily paid to him by the appellee.

It is very clear to our minds, that, after the dismissal of his action by the appellant, the appellee could not maintain an action, on or by his answers or counter-

claims, for the recovery back of the alleged usurious interest by him paid to the appellant.

There was, then, no action on the note, and the law only provides for recoupment of usurious interest in an action on the " contract affected by such usury," and prohibits a direct action for the recovery back of such interest, when voluntarily paid.

It seems to us, therefore, that, when the appellant dismissed his action, the appellee's answers or counter-claims were no longer available to him, under the law, for any purpose, and ought to have been dismissed at once, without any attempted trial or hearing thereon.

In our opinion, the trial, finding and judgment of the court below, on the appellee's answers or counter-claims, were each and all erroneous, and without any authority of law therefor.

If the appellant had not dismissed his action, the appellee could only have recouped, on the trial of the action, to the extent of the balance found due the appellant on the note in suit. If the excess of the interest paid by the appellee over ten per centum per annum had amounted to a sum greater than the balance due on the note, he could have recouped only to the extent of the appellant's claim, and he could not have recovered in this action the surplus over the amount of such claim. *Stow* v. *Yarwood*, 14 Ill. 424; *Ward* v. *Fellers*, 3 Mich. 281; *Britton* v. *Turner*, 6 N. H. 481; *Batterman* v. *Pierce*, 3 Hill (N. Y.) 171.

In recoupment, a party-defendant can only use his claim in diminution or abatement of the plaintiff's cause of action, and can not, as in set-off, recover the excess of his claim over that of the plaintiff in such action. So that the judgment of the court below in this action, in favor of the appellee and against the appellant, could not be sustained in any view of the question.

The judgment of the court below is reversed, at the

appellee's costs, and the cause is remanded, with instructions to dismiss the appellee's answers or counter-claims at his costs.