## TETER *v.* CLAYTON ET AL.

### No. 7166.

DESCENTS.— *Widow.*—*Children.*—*Heirs.*—*Partition.*—Where a widow, owning real estate by virtue of a former marriage, marries a second or subsequent time, and dies during such marriage, leaving a child or children by her former marriage, and children by her subsequent marriage, such real estate will descend to the issue of such former marriage, to the exclusion of her issue by the subsequent marriage.

SAME.—But if such widow had survived such subsequent marriage, and then died, the real estate she inherited from her first husband would have descended to her heirs generally, including the children by her second marriage.

SAME.—*Act of 1877 as to Repeal of Repealing Act not Retroactive.—Statute Construed.*—Prior to the act of March 12th, 1877, Acts 1877, Spec. Sess., p. 73, the repeal of a repealing act revived the original act, but such act is prospective and not retroactive in its operation, and, therefore, section 18 of the statute of descents, 1 R. S. 1876, p. 411, is still in force.

From the Hamilton Circuit Court.

*W. Garver* and *R. Graham,* for appellant.

*L. O. Clifford* and *R. R. Stephenson*, for appellees.

WORDEN, J.—Partition of lands.

It appeared in this case that George H. Teter died about the year 1863, seized of certain lands in Hamilton county, leaving his wife, Hannah A. Teter, surviving him; and that the land in this suit, being a part of the lands of which George H. died seized, was set off to said Hannah A. as her share thereof as such widow, in certain proceedings in partition. After the decease of her former husband, Hannah A. Teter married William H. Clayton, and died during this coverture, leaving as her sole heir by the former marriage the appellant, John H. Teter, and a child by the second marriage, James A. Clayton.

On these facts, the court adjudged that the land belonged in equal portions to the plaintiff James A. Clayton, and the appellant, John H. Teter, and made partition accordingly.

In this the court was in error. The entire land belonged to John H. Teter.

Hannah A. Teter acquired the land by virtue of her marriage with George H. Teter, and the case is governed by the 18th section of the act regulating descents, 1 R. S. 1876, p. 411, which provides, that, " If a widow shall marry a second or subsequent time holding any real estate in virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be."

The case falls within the provisions of this section of the statute in every respect, and the land must go to the child of the marriage in virtue of which it came to his mother, Hannah A. Teter. If she had survived the marriage with William H. Clayton, and then died, the land

would have gone to her heirs generally, including James A. Clayton, the child of that marriage. *Heavenridge* v. *Nelson*, 56 Ind. 90. But she died during that marriage.

The counsel for the appellee argue that section 18 was amended by the act of March 4th, 1853. Acts 1853, p. 55. This is one of the amendments that were held to be void until the decision of this court in the case of *The Greencastle Southern Turnpike Co.* v. *The State*, 28 Ind. 382, and was repealed by the act of March 9th, 1867, Acts 1867, p. 204.

In the case of *Longlois* v. *Longlois*, 48 Ind. 60, it was held that the repeal of the amendments revived the original sections. See, also, *Waugh* v. *Riley*, 68 Ind. 482.

It is claimed by the appellee that the act of March 12th, 1877, Acts 1877, Spec. Sess., p. 73, changes the rule, so that the original section 18 is not in force, not being revived by the repeal of the amendment thereto. The act of 1877 provides, " That whenever an act is repealed, which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided," etc. This provision, however, is obviously prospective only, in its operation, and applies to future and not to past repeals. *Niblack* v. *Goodman*, 67 Ind. 174, 182-196.

We have no doubt that the original 18th section, as above set out, is in force and must govern the case.

The judgment below is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.