### GEORGE D. SHAPPENDOCIA v. OTTO B. SPENCER ET AL.

#### (FIRST CASE.]

1. *Accuracy of Dates in Pleading—Specific Order.*—Where an answer shows that a lien occurred in a certain year, and the plaintiff desires it to show also the month and the day, he must apply for an order requiring the defendant to make the answer more specific, as in other cases.

2. *Notice or Advertisement—Pleading.*—Where a notice or an advertisement is not in any proper sense the foundation of an answer or paragraph, it is not necessary to make a copy thereof a part of the answer.[1]

3. *Requisites of Notice of Sale under a Livery Lien.*—Where the value is ten dollars or more, there must be a notice of the time and place of sale given for three successive weeks in a newspaper of the county, if there is any; and does not need to be given otherwise. But an invalid sale does not divest the lien as between the livery man and the owner.

Filed May 13, 1881.

Appeal from Grant Circuit Court.

McDonell & Son and Steele & St. John for appellant.

Isaac Van Devanter and John W. Lacy, for appellees, cited *Snowden* v. *Wilas*, 19 Ind. 10 ; *Fultz* v. *Wycoff*, 25 Ind. 321 ; 2 R. S. 1876, §90, p. 79 ; *Hart* v. *Crawford*, 41 Ind. 197 ; *Miller* v. *Road Company*, 52 Ind. 51 ; *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297 ; *Holcraft* v. *Mellott*, 57 Ind. 539, to the effect that uncertainty is not ground for a demurrer, as also *Pittsburgh, etc., R. R. Co.* v. *Vandyne*, 57 Ind. 576–579.

Opinion of the court by Mr. Justice Howk.

This was a suit by the appellant against the appellees to recover the possession of one bay mare, aged about eight years, of the value of $150; of which mare, the appellant alleged, in his complaint, that he was the owner and entitled to the possession, and that the appellees had possession thereof without right, and unlawfully detained the same from him ; wherefore, he demanded judgment for the recovery of said mare, and damages for the detention thereof.

To the appellant's complaint, the appellees answered specially in a single paragraph, to which the appellant demurred for the alleged insufficiency of the facts therein to constitute a defense to his action ; which demurrer was overruled by the court, and to this ruling he

excepted. The cause was put at issue and tried by the court, and a finding was made, that the appellees were the owners of the mare in controversy, of the value of $125, and that the said mare should be returned to them. The appellant's motion for a new trial having been overruled, and his exceptions duly saved to this decision, the court rendered judgment for the appellees, upon and in accordance with its finding.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrer to the appellees' answer; and

2. In overruling his motion for a new trial.

The principal questions presented for the decision of this court, in this case, arise under the alleged error of the trial court in overruling the appellant's demurrer, for the want of facts, to the appellees' answer. In their answer, the appellees alleged in substance, that on the —— day of ———, 1876, and for —— months prior thereto, they were doing business as livery-stable men, in the town of Marion, in Grant county, Indiana, under the firm name and style of Spencer & Barnard; that on said —— day of ———, 1876, the appellees had acquired a lien upon the said mare, in appellant's complaint mentioned, for feed and care bestowed by them, as said livery-stable men, on and about said mare, in said Grant county, at the appellant's request, in the sum of $158.20; that, for the purpose of enforcing their said lien, on the —— day of ———, 1876, and for three successive weeks subsequent thereto, the appellees caused to be published in the Marion Chronicle, a newspaper of general circulation, published in said county, a notice that they would cause said mare to be sold at public sale to the highest bidder, on the —— day of ———, 1877, at the stables of the said Spencer & Barnard, in the town of Marion, in said county; that on the said —— day of ———, 1877, and in all respects pursuant to said notice, the appellees caused said mare to be offered at public sale; that at said sale the appellees, among others, became bidders, bidding for said mare the sum of ——, which being the highest and best bid that could be obtained, the said mare was sold to the appellees for the said sum of $105, and thereby became and still was the property of the appellees; wherefore, they demanded judgment for the return of the property, and for seventy-five dollars damages for the detention thereof, and for other proper relief.

In discussing the sufficiency of the answer, in their brief of this cause, the appellant's counsel say: "Our first objection to this answer is, that it does not contain any showing of the time when the lien accrued." We suppose that counsel intended to object to the answer, on account of the blanks therein as to the month and day, on which the lien accrued. On this point, the allegation in the answer is, "that on said —— day of ———, 1876, defendants had acquired a lien upon said mare," etc. This style of pleading is, we think, a proper subject of criticism. But the appellant's first objection to the answer is one that could not be reached by his demurrer thereto, for the want of facts. The answer showed that the lien accrued in or during the year 1876, and if the appellant deemed it necessary that the answer should further show the month and day, in that year; his only remedy, if any, was a motion for an order requiring the appellees to make their answer more specific in those particulars. *Hyatt* v. *Mattingly*, 68 Ind. 271.

The appellant's counsel also object to the sufficiency of the answer, upon the ground that the notice or advertisement of the time and place of the sale of the mare, mentioned in the answer, was not made a part thereof. The notice or advertisement was not, in any proper sense, the foundation of the appellees' defense, and it was not necessary that the notice, or a copy thereof, should be made a part of their answer. They averred therein, with sufficient certainly, what the notice contained, and that was all that it was necessary to aver, in that regard. But it is claimed that the answer was bad, because it did not show that copies of the notice or advertisement had been set up for ten days, in three public places in the township where the appellees resided, one of which was in some conspicuous part of their place of business. The act of January 27, 1853, giving the keepers of livery stables, etc., engaged in feeding horses, etc., a lien upon such property for the feed and care bestowed by them upon the same, provides that they shall have the same rights and remedies, as were provided in "An act concerning liens of mechanics, merchants and others. Approved May 20, 1852." On the subject of the sale of the property by the party who had acquired a lien thereon, it was provided in section 2 of the said act of May, 20, 1852, that, before such sale, such party should give public notice of the time and place thereof, by advertisements

set up for ten days in three public places, in the city or township where he resided, one of which shall be in some conspicuous part of his shop or place of business; "or, if the value of the articles be ten dollars or more, then, by publishing the same three weeks successively in a newspaper in the county, if any." 2 R. S. 1876, p. 335.

It seems to us that under this section, where, as in this case, the value of the property is ten dollars or more, the notice of the time and place of the sale thereof must be given "by publishing the same three weeks successively in a newspaper in the county, if any," and need not be given otherwise. If, however, the sufficiency of the appellees' answer had been dependent upon the validity of the notice, as stated in the answer, we would have been constrained to hold the answer bad on the demurrer thereto for the want of facts, for a legal notice that a sale will be made "on the — day of ——, 1877," is simply no notice at all of the time and place of sale. But the answer stated facts to show that the appellees had acquired a valid lien, under the statute, on the appellant's mare, and this was a sufficient defense to the action, without regard to the validity of the sale.

The anwer is indefinite and uncertain in its allegations of fact; but, as we have already said, these objections to the answer could only be reached by a motion to make it more specific, and not by a demurrer for the want of facts. *Holcraft* v. *Melott*, 57 Ind. 539. We are of the opinion, that the court did not err in overruling the demurrer to the answer.

The evidence is not in the record, and no question is presented for the decision of this conrt, by the alleged error of the circuit court, in overruling the motion for a new trial. Besides, as this supposed error is not even alluded to in the brief of the appellant's counsel, it must be regarded as waived.

The judgment is affirmed, at the appellant's costs.