No. 14,647.

SNIDEMAN v. SNIDEMAN.

LANDLORD AND TENANT.—*Contract.*—*Notice to Quit.*—*Evidence.*—While no notice to quit is necessary where the time when the tenancy expires is fixed by written contract, yet if a notice be given, although not in the manner provided by the statute, it is admissible in evidence, in an action for possession, to show that the landlord insisted on his right to possession at the time fixed.

EVIDENCE.—*Motion to Strike Out.*—*Practice.*—A motion to strike out the testimony of a witness upon a given subject, as a whole, should be overruled if a part of such testimony is competent.

From the Henry Circuit Court.

*D. W. Chambers, C. S. Hernly* and *S. H. Brown,* for appellant.

*J. B. Brown,* for appellee.

OLDS, J.—This is an action between landlord and tenant for the possession of real estate. The appellee leased to the appellant the real estate in question for the period of one year, from the 10th day of August, 1887, to the 10th day of August, 1888, by written contract. The complaint is in three paragraphs. The first paragraph avers the making of the lease; that the lease had expired and the appellant was un-

lawfully holding over. A copy of the lease is filed with the complaint. The second alleges a lease of the real estate on the 10th day of August, 1887, by the year, and that, on the 9th of May, 1888, the appellee served notice on the appellant to surrender the possession of said real estate to her at the expiration of the current year, and alleges that appellant unlawfully held over after the 10th day of August, 1888, up to and at the time of the commencement of this action. The third alleges that appellee is the owner in fee of the real estate, and that defendant has unlawfully, wrongfully and without right detained possession of the same since the 10th day of August, 1888. Prayer for possession and for damages for the unlawful detention.

The questions discussed by counsel arise on the motion for a new trial. The first alleged error complained of is the admission of a notice in evidence. It is objected to on the ground that the evidence showed the notice to have been read to the appellant, instead of having been delivered to him or served in the manner pointed out by the statute. Section 5214, R. S. 1881.

There was a written contract in this case fixing the term and time of the expiration of the lease, and no notice to quit was necessary. Section 5213, R. S. 1881. The admission of a notice in evidence which was shown to have been read to the tenant was proper. It was as competent as any conversation or verbal notice to quit the premises would have been. It is not necessary to determine whether the service was such as under the statute would terminate a tenancy from year to year, for the reason that the time of the lease was fixed by the written contract. It was proper to show what had taken place between the parties after the execution of the lease, and that the appellee was insisting on her right to the possession at the termination of the written lease, and that in addition to relying on her written contract she also notified him to surrender the premises at the expiration of the lease.

It is also insisted that the court erred in admitting the evi-

dence of a witness on the question of damages in testifying as to the value of the use of the farm, and in refusing to strike out such evidence. The witness had testified as to the value of the farm, and certain portions of it, during the time the appellee claimed it had been unlawfully detained, and in the course of such examination was asked whether or not he took into consideration the right to use the farm for sowing wheat amid the corn in the fall of 1888, and he answered that he did; thereupon the appellant moved to strike out all of the evidence of the witness on the question of damages, for the reason that he had included the use of the corn-ground for the purpose of sowing wheat, and the court overruled the motion to strike out the testimony of the witness. There was no error in this ruling. The witness had testified to the value of the use of specific portions of the farm other than the corn-ground, and then, in answer to a general question, he testified as to the value of the use of the whole farm. In answer to another question, he stated that he included in his general estimate the use of the corn-ground to sow wheat in the fall of 1888. This would not render all of his evidence on the subject of values incompetent, and the motion was to strike it all out; but, indeed, if the motion had only applied to the answer as to the general question calling for the value of the use of the whole farm, it would not have been error to have overruled it. It was a proper subject for cross-examination, and of ascertaining how the witness apportioned the amount, and, in making his general estimate, what value he put upon the corn-ground.

It is claimed the finding is not supported by the evidence. We think otherwise. It was a tenancy created by a written lease, and the term fixed by the lease had expired, and the appellee was entitled to the possession of the real estate. There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed March 30, 1889.