Baum *et al. v.* Thoms.

## BAUM ET AL. *v.* THOMS.

[No. 18,544. Filed April 27, 1898.]

USURY.—*Complaint to Cancel Mortgage.—Sufficiency.*—A complaint to set aside a mortgage which alleges that defendants were loaning money at usurious interest; that they had separate places of business, but a mutual understanding and arrangement between themselves by which the loans were changed from one to the other in order the more successfully to carry on the business of loaning money at illegal and usurious interest; that plaintiff borrowed $25.00 in 1891, and $50.00 in 1892, under an agreement that she was only to pay interest at the legal rate, and that she paid thereon, principal and interest, $175.00, when in 1894 they claimed that there was yet due $150.00; that she finally executed the mortgage and note for $112.60, on account of the threats, importunities, and oppressive conduct of the parties, set forth in the complaint, states facts sufficient to withstand a demurrer. *p. 380.*

SAME.—*Recovery of Usurious Interest Voluntarily Paid.— Common Law Action.—Assumpsit.*—A borrower who has paid more than the legal rate of interest is not confined to the remedy given by statute, but may maintain assumpsit at common law to recover back the excess of interest paid, on paying or offering to pay the money lent with lawful interest. *pp. 382-387.*

STATUTORY CONSTRUCTION.—*Repeal of Statute.—Repeal of Repealing Act.— Common Law Rule.*—Where a statute or rule of the common law is repealed or modified, and the repealing or modifying act is afterwards expressly or impliedly repealed by an act which mani-

fests no intention that the statute or common law rule repealed or modified shall continue repealed, the common law rule is that the repeal of the repealing or modifying act revives the act or common law rule so repealed or modified.  *p. 386.*

STATUTORY CONSTRUCTION.—*Repeal of Repealing Act.—Common Law Rule Changed.*—The common law rule in regard to the effect of the repeal of a repealing act has been changed, so far as the same applies to acts of the legislature, by section 248, Burns' R. S. 1894 (248, Horner's R. S. 1897), but the rule as to the repeal of an act repealing or modifying a rule of the common law remains unchanged, and the repeal of the act repealing or modifying the common law rule revives the rule *ab initio,* and it exists the same as if it had never been repealed.  *pp. 386, 387.*

USURY.—*Voluntary Payment of Usurious Interest.*—The payment of usurious interest is not a voluntary payment in such sense as to entitle the receiver to retain the amount paid above the legal interest, but such payment is regarded as under the constraint of a formal, though illegal, contract, obtained by taking advantage of the necessities of the borrower, and, therefore, excepted from the ordinary rule that one voluntarily paying money on an illegal claim cannot maintain an action to recover such payment.  *p. 388.*

PRACTICE.—*Motion to Modify Judgment.—Must Be Good as a Whole.* —Motions to modify judgments or interlocutory orders, or motions to strike out evidence, pleadings, judgments, or interlocutory orders must be good as a whole.  *pp. 389, 390.*

From the Marion Superior Court.   *Affirmed.*

*John W. Keeling* and *Charles Averill,* for appellants. *Hez. Dailey, H. M. Wyatt, G. R. Estabrook* and *G. W. Spahr,* for appellee.

MONKS, J.—Appellee brought this action against appellants to set aside and cancel a note and mortgage executed by her, and to recover usurious interest paid to appellants.

The court tried said cause, and made a general finding in favor of appellee, and, over the separate motion of each appellant for a new trial, judgment was rendered in favor of appellee.   Appellants filed separate motions to modify the judgment which were overruled.

The errors assigned call in question the sufficiency

of the complaint, the action of the court in overruling the motions for a new trial, and in overruling the motions to modify the judgment.

The complaint charges, in substance, that the defendants in the court below were engaged in the business of loaning money at usurious interest, and that, while they had separate places of business, they had an understanding and arrangement between themselves by which the loans were changed from one to the other in order the more successfully to carry on the business of loaning money at illegal and usurious interest; that appellee borrowed $25.00 in 1891, and $50.00 in 1892, under agreement that she was only to pay interest at the legal rate, and that she paid thereon, principal and interest, $175.00, when in 1894 they claimed that there was yet due $150.00,—when in fact the sum loaned had been fully paid, principal and legal interest, and she had paid them in addition thereto $50.00 usurious interest on said loan; that she finally executed the mortgage and note for $112.60, set out in the complaint, on account of the threats, importunities, and oppressive conduct of the parties, which are set forth in the complaint at great length. It is evident that said complaint was sufficient to withstand a demurrer for want of facts.

The causes assigned for a new trial are: (1) That the decision of the court was not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; (3) that the damages assessed are excessive; (4) error in the assessment of the amount of recovery, the same being too large.

It is insisted by appellant Mackey, to whom the note and chattel mortgage in controversy were executed, that the evidence shows that he loaned $105.10 to appellee and took said note and chattel mortgage for $112.50, and that said appellee borrowed the same to

Baum *et al.' v.* Thoms.

pay what she owed appellant Baum, and that, when
said note and mortgage were executed, a check for
$105.10 was delivered to appellee, and that she, at the
time, wrote her name across the back of said check,
and the same was taken away by appellant Baum,
whose claim the $105.10 was borrowed to pay, and
that, therefore, the finding was not sustained by the
evidence.

There was evidence to the effect claimed, but the
court may have concluded from all the evidence that
appellants were acting in concert, and that the check
was given in order to cover up the real transaction,
which was to procure the note and mortgage for an
indebtedness which was already more than paid, and
at the same time give it the appearance of a new loan,
and thus cut off the defense of usury.   To support
such conclusion it was not necessary that any one
should testify that such was the purpose of the trans-
action, or that there was an agreement or understand-
ing between appellants to that effect, or that the
money received on said check was returned by Baum
to Mackey after the note and mortgage were exe-
cuted.   Such facts may be established by circumstan-
tial evidence.   The trial court heard the witnesses
testify, saw their manner and conduct while testify-
ing, and was the exclusive judge of their credibility,
and was able to determine whether said affair in giv-
ing the note and mortgage to appellant Mackey, and
the delivery of the check to appellee, and the indorse-
ment by her of the same to Baum, was what it ap-
peared to be, a new loan to appellee, or whether it was
a mere form, a sham arranged to deceive and mis-
lead appellee, and cover up the real transaction.

It is next insisted that while usurious interest vol-
untarily paid may, under section 7046, Burns' R. S.
1894 (5201, Horner's R. S. 1897), be recouped by the

debtor in an action on the contract affected by such usury, the same cannot be recovered back in a direct action, and that, therefore, the finding and judgment against appellants for usurious interest paid by appellee was contrary to law.

Whatever the rule may be in other states it has been uniformly held in this jurisdiction that usurious interest could at common law be recovered back in an action brought for that purpose. *Lacy* v. *Brown*, 67 Ind. 478, and cases cited. *Musselman* v. *McElhenny*, 23 Ind. 4, 6, 85 Am. Dec. 445; *Wood* v. *Kennedy*, 19 Ind. 68; *Smead* v. *Green*, 5 Ind. 308, 309; *Berry* v. *Makepeace*, 3 Ind. 154; *State Bank* v. *Ensminger*, 7 Blackf. 105, 107, and cases cited. See note to *Crawford* v. *Harvey*, 1 Blackf. (2d ed.), p. 382. See, also, *Palmer* v. *Lord*, 6 Johns Ch. 95, 100-106; *Wheaton* v. *Hibbard*, 20 Johns 290, 292, 293, 11 Am. Dec. 284; *Nichols* v. *Bellows*, 22 Vt. 581, 54 Am. Dec. 85, and note; *Bexar, etc., Association* v. *Robinson*, 78 Tex. 163, 22 Am. St. 36, and note p. 41; *Zeigler* v. *Scott*, 10 Ga. 389, 54 Am. Dec. 395, and note pp. 400-402; 27 Am. and Eng. Ency. of Law, 959, and cases cited in notes 3 and 4.

The rule is that the borrower who has paid more than the legal rate of interest is not confined to the remedy given by statute, but may maintain assumpsit at common law to recover back the excess of interest paid, on paying or offering to pay the money lent with lawful interest. *Berry* v. *Makepeace, supra; Palmer* v. *Lord, supra; Wheaton* v. *Hibbard, supra.*

The R. S. 1843, p. 580, sections 25, 26, fixed the legal rate of interest per annum, and section 29, p. 581, provided that "No contract or assurance for the payment of money with interest, or upon which interest has been received, contracted for, taken, or reserved, after a greater rate than is allowed by the preceding sections of this article, shall be thereby rendered void;

Baum *et al. v.* Thoms.

but whenever in any action brought on such contract or assurance, it shall appear upon a special plea to that effect, or otherwise, that a greater rate of interest has been directly or indirectly reserved, contracted for, taken, or received, than is allowed by law, the defendant shall recover his full costs in such suit, and the plaintiff shall only recover judgment for the principal sum due him without interest thereon; or if he shall have taken or received such interest, or any part thereof, before the rendition of such judgment, the same shall be deducted from such principal sum, and the judgment shall be rendered for the balance as above."

It was provided in section 30, p. 581, that "Any person who shall have paid a greater amount of interest or value than is above allowed, or his personal representatives may recover against the person or the corporation who shall have taken the same, or against the personal representative of such person, the whole amount of interest or value which he may have paid, if such action be brought within a year after the payment of the same."

In *Berry* v. *Makepeace, supra,* the appellant sued appellee to recover usurious interest paid in excess of six per cent. per annum, the legal rate fixed by the R. S. 1843. Appellee, upon the theory that the action was brought under section 30, p. 581, R. S. 1843, to recover the whole amount of interest paid, filed a plea which in effect alleged that the action was not brought within a year after the payment of such usurious interest. This court held that the action was not brought under said section 30 of the statute to recover the whole amount of interest paid, but was to recover the interest paid in excess of the legal rate, and that such action could be maintained at common law independently of the statute. The court said,

"The plea might have been applicable if the action had been brought under the statutory provision (R. S., c. 31, s. 30, p. 581), to recover the whole of the interest paid as illegal, but such is not the case. The suit is for the excess of interest paid, which may be recovered back in this form of action, by the common law, and independently of the statute of the state. *State Bank* v. *Ensminger,* 7 Blackf. 105."

This rule of the common law that usurious interest could be recovered back, was modified by statute in 1865, when the legislature passed an act (Acts Sp. Sess. 1865, p. 176, 3 Davis' R. S. 1876, p 316, 1 Davis' R. S. 1876, p. 600), amending sections five and six of the act of 1861, regulating interest on money. Acts 1861, p. 138, 2 Gavin & Hord, pp. 656, 657. The last clause of said section five, as amended, provided "that in all cases in which money or any thing of value shall have been voluntarily paid as interest for the loan, use or usance of money the same shall not be recovered back, either directly or by way of set-off or counterclaim or payment." While this section as amended was in force, usurious interest voluntarily paid could not be recovered back in a direct action for that purpose, nor could the debtor in any action against him by the party receiving such usurious interest recover the same back by way of set-off, counterclaim or payment. *Bowen* v. *Phillips, Admr.,* 64 Ind. 226, 235, 236.

In *Musselman* v. *McElhenny, supra,* decided at the November term 1864, under the interest law of 1861, and before the amendment of section 5 in 1865, this court, at p. 6, said, "If usurious interest is paid on the note after its execution, it amounts to a payment of so much on the principal of the note; and if the amount thus paid exceeds the principal, it may be recovered back."

In 1867 the legislature passed an act entitled "An act concerning interest on money, and to provide for the recoupment of usurious interest," section two of which act contained the following provision: "All interest exceeding the rate of ten per centum per annum shall be deemed usurious and illegal, as to the excess only, and in any action upon a contract affected by such usury, such excess may be recouped by the defendant, whenever it has been reserved or paid before the bringing of the suit." Acts 1867, p. 151, 3 Davis' R. S. 1876, p. 317, 1 Davis' R. S. 1876, p. 599. Said act of 1867 contained no repealing clause, but it repealed by implication so much of the amended section 5, *supra,* passed in 1865, as prohibited the recoupment of usurious interest in an action brought upon the contract affected by such usury, but the prohibition in said amended section 5 against the recovery of usurious interest voluntarily paid, in a direct action or by way of set-off, or recoupment, in any action brought by the party receiving such usurious interest upon any contract other than the one affected by such usury, was not repealed in any manner by the act of 1867, but remained in force as a part of the law of this State. *Holcraft* v. *Mellott,* 57 Ind. 539, 543, 544.

Under said act of 1867, in an action on the contract affected by usury, if the excess of the interest voluntarily paid by the debtor over ten per centum per annum, amounted to more than the balance due on the note sued upon, he could only recoup to the extent of such balance due on the note, and on account of the unrepealed prohibition contained in said amended section five, *supra,* could not recover a judgment for the excess of such usurious interest over the amount due on said note. *Holcraft* v. *Mellott, supra,* p. 544.

In 1879 the legislature passed "An act concerning interest and usury" (Acts 1879, p. 43, 44, sections 7043-7050, Burns' R. S. 1894, 5198-5205, Horner's R. S. 1897), the last section of which repealed in express terms all acts on the subject of interest. The amended section five, *supra* (Acts Sp. Sess. 1865, p. 176, 3 Davis' R. S. 1876, p. 316, 1 Davis' R. S. 1876, p. 600), which prohibits the recovery of usurious interest voluntarily paid, was therefore repealed by section 7050, Burns' R. S. 1894 (5205, Horner's R. S. 1897).

Where a statute or rule of the common law is repealed or modified, and the repealing or modifying act is afterwards expressly or impliedly repealed by an act which manifests no intention that the statute or common law rule repealed or modified shall continue repealed, the common law rule is that the repeal of the repealing or modifying act revives the act or common law rule so repealed or modified. *Doe* v. *Naylor*, 2 Blackf. 32; *Lindsay* v. *Lindsay*, 47 Ind. 283, and cases cited; *Teter* v. *Clayton*, 71 Ind. 237; *Mathewson* v. *Phoenix Iron Foundry*, 20 Fed. 281; *State* v. *Rollins*, 8 N. H. 550; *Gray* v. *Obear*, 54 Ga. 231; *Den* v. *DuBois*, 16 N. J. L. 285; *Hastings* v. *Aiken*, 1 Gray (Mass.) 163; 23 Am. and Eng. Ency. of Law 517; Bishop on Stat. Crimes, section 186; Endlich on Interp. of Stat., section 475.

The common law rule in regard to the effect of the repeal of a repealing act has been changed so far as the same applies to acts of the legislature, by section 248, Burns' R. S. 1894 (248, Horner's R. S. 1897), which was enacted in 1877 (Acts 1877, p. 73). *Teter* v. *Clayton*, *supra*. Whether said section 248, *supra*, changes the rule as to the effect of the repeal of an act modifying a former act of the legislature we need not determine. See, however, *Bank of Savings* v. *Collector*, 3 Wall. 495; *Smith* v. *Hoyt*, 14 Wis. 272; 23 Am. and Eng. Ency. of

Law 519, and note 2; Endlich on Interp. of Stat., section 476.

The rule, however, in regard to the repeal of an act repealing or modifying a rule of the common law remains unchanged, and the repeal of the act repealing or modifying the common rule revives the common rule *ab initio*, and it exists the same as if it had never been repealed. The time during which statutes repealing the common law rule remain in force is regarded only as a suspension of such rule of the common law. *Winter* v. *Dickerson*, 42 Ala. 92; *Johnson* v. *Meeker*, 1 Wis. 436; *Commonwealth* v. *Getchell*, 16 Pick. (Mass.) 452; Endlich on Interp. of Stat., section 475.

Said act of 1879 took effect May 31, 1879, since which time the common law rule in regard to the recovery of usurious interest, as declared in *State Bank* v. *Ensminger, supra,* and the cases following it, has been in force in this State the same as it was before the taking effect of the amended section five, *supra,* in 1865.

It is true that section 4 of the act of 1879, being section 7046, Burns' R. S. 1894 (5201, Horner's R. S. 1897), provides that "When a greater rate of interest than is hereby allowed [eight per cent.] shall be contracted for, the contract shall be void as to the usurious interest contracted for; and in an action on such contract, if it appear that interest at a higher rate than eight per cent. has been directly or indirectly contracted for, the excess of interest over six per cent. shall be deemed usurious and illegal, and in an action on a contract affected by such usury, the excess over the legal interest may be recouped by the debtor, whenever it has been reserved or paid before the bringing of the suit." But as we have shown, the borrower is not confined to the remedy given by statute, but may resort to the remedy given by the com-

mon law. *State Bank* v. *Ensminger, supra; Smead* v. *Green, supra; Lacy* v. *Brown, supra; Palmer* v. *Lord, supra; Wheaton* v. *Hibbard, supra.*

The payment of usurious interest is not a voluntary payment in such sense as to entitle the receiver to retain the amount paid above legal interest, but such payment is regarded as under the constraint of a formal, though illegal, contract, obtained by taking advantage of the necessities of the borrower, and therefore excepted from the ordinary rule that one voluntarily paying money on an illegal claim cannot maintain an action to recover such payment. *Wheaton* v. *Hibbard, supra; Schroeppel* v. *Corning,* 5 Denio 236; *Peterborough Savings Bank* v. *Hodgdon,* 62 N. H. 300; *Willie* v. *Green,* 2 N. H. 333; *Caughman* v. *Drafts,* 1 Rich. Eq. 414; *Fay* v. *Lovejoy,* 20 Wis. 403; *Wood* v. *Lath,* 13 Wis. 84; *First National Bank of Milwaukee* v. *Plankinton,* 27 Wis. 177, 9 Am. Rep. 453; *Grow* v. *Albee,* 19 Vt. 540; *Williams* v. *Wilder,* 37 Vt. 613; *Scott* v. *Leary,* 34 Md. 389; *Philanthropic Building Assn.* v. *McKnight,* 35 Pa. St. 470; *Thomas* v. *Shoemaker,* 6 W. & S. (Pa.) 179–183. Note to *Ziegler* v. *Scott,* 54 Am. Dec. 400–402. Note to *Bexar, etc., Association* v. *Robinson,* 22 Am. St. 41. Note to *Davis* v. *Garr,* 55 Am. Dec. 398-400; 2 Ency. Plead. and Prac., pp. 1019, 1020, and note on usury.

It follows, therefore, that in the absence of a statute expressly prohibiting it, usurious interest, which has been paid by a debtor may be recovered in a direct action, or in any action brought by the person receiving such usurious interest, on a contract express or implied against such debtor. Since the repeal of the amending act of 1865, *supra,* by the act of 1879, *supra,* there has been no statute in this State prohibiting the recovery of usurious interest paid by a debtor.

It is clear from what we have said and the authori-

ties cited, that in this State, since the taking effect of the interest law of 1879, a borrower who has paid usurious interest may recover the same in a direct action brought for that purpose, or if the person receiving the usurious interest, sues him upon the contract affected by such usury, or upon any other contract for the payment of money, he may recover the same by way of set-off, recoupment, payment, or counterclaim, as the facts of the case may permit, the same as could have been done before the passage of the amendatory act of 1865.

It is next insisted that the court erred in overruling the separate motions of appellants to modify the finding and judgment of the court. The court made a general finding in favor of appellee, and the amount she was entitled to recover, and that the same was "collectible without the benefit of exemption laws." Judgment was rendered for the amount of the finding, and also provided that the same was "collectible without the benefit of exemption laws."

Appellants made separate motions to modify the general finding and judgment by striking out of the finding and out of the judgment the amount of the recovery, and the words "collectible without the benefit of exemption laws." It is insisted by appellants that the amount of the recovery stated in the finding and judgment should have been stricken out because the amount is for usurious interest paid, and the same cannot be recovered in a direct action, but can only be recouped in an action on the contract affected by the usury, and that the words "collectible without the benefit of exemption laws" should have been stricken out because "the finding proceeds upon the theory that appellee was entitled to recover for usurious interest paid, which is not a tort." Each of said motions was overruled as a whole, to which ruling of the court appellants each excepted.

As we have already held that appellee had the right to recover in a direct action usurious interest paid, it would have been error for the court to have sustained a motion to strike out the amount of recovery in the finding and judgment. The court did not err, therefore, in overruling each of said motions as a whole, even if it would have been error to have overruled motions to modify the judgment by striking out the words "collectible without the benefit of exemption laws" and asking no other relief. Whether such a motion should have been sustained, if made, we need not, and do not, decide. The rule is that it is not error to overrule motions to modify judgments or interlocutory orders or motions to strike out evidence, pleadings, judgments, or interlocutory orders, where they are not well taken as a whole. *Spencer* v. *Board, etc.,* 117 Ind. 573, 584; *Heberd* v. *Wines,* 105 Ind. 237, 239, 240; *Mathews* v. *Droud,* 114 Ind. 268, 271, 272; *Pape* v. *Wright,* 116 Ind. 502, 508-509, and cases cited; *Waymire* v. *Lank,* 121 Ind. 1; *Snideman* v. *Snideman,* 118 Ind. 162, 164; *Binford* v. *Young,* 115 Ind. 174, 176, and cases cited; *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409, 416; *Carver* v. *Louthain,* 38 Ind. 530, 541; *Western Union Tel. Co.* v. *State,* 147 Ind. 274, 277. Finding no available error in the record, the judgment is affirmed.