## RATHBURN v. WHEELER.

PRACTICE.—SPECIAL FINDINGS.—Where the court below makes a special finding, stating the facts, and the conclusions of law upon them, and the proper exceptions are taken to the conclusions of law stated, it is not necessary that there should be a motion for a new trial in order to raise the question in this court of the correctness of such legal conclusions.

STATUTORY CONSTRUCTION.—USURY.—Where a note was executed in 1861, in the face of which usurious interest was included, and afterwards payments of usurious interest were made thereon, in 1865 and 1866, and

suit was brought on the note after the act of 1867, regulating interest, (Acts 1867, p. 151,) was passed and went into force.

*Held*, that the case as to the question of usurious interest was governed by the act of 1867.

*Held*, also, that the payments of usurious interest in 1865 and 1866 should be taken into consideration, for the purpose of ascertaining whether in fact the interest paid exceeded the rate of ten per cent. per annum, the limit fixed by the act of 1867, and if it did, that the excess over that rate was usurious and might be recouped, notwithstanding the act of 1865, which forbade the recovery of money voluntarily paid as usurious interest.

APPEAL from the *Porter* Circuit Court.

ELLIOTT, J.—This was an action by *Wheeler*, as assignee, on a promissory note, against *Rathburn*, the maker. The note was for $500, payable three years after date, with interest payable annually, and was dated February 8, 1864. The second paragraph of the defendant's answer alleges, in substance, that thirty dollars of usurious interest was included in said note, besides which he executed to *Pollard*, the payee thereof, two other promissory notes, amounting in the aggregate to ninety dollars, which he subsequently paid, the only consideration therefor being unlawful and usurious interest to accrue on the note sued on, after its date. For which several sums a credit is claimed on said note. Issue was joined on the answer, and by agreement of the parties was submitted to the court for trial. The court found for the plaintiff the sum of $535 75, for which amount judgment was rendered.

A bill of exceptions shows that, at the request of the defendant, the court found the facts specially, and stated the conclusions of law arising therefrom. The special finding, so far as it relates to the question presented to this court, is as follows: That the note was given by *Rathburn* to the payee thereof for $470, loaned by the latter to the former, and that there was thirty dollars usurious interest included in the face of the note, to make it $500; that about the 15th of May, 1865, the defendant paid the sum of sixty dollars, thirty dollars of which was paid as usurious interest

on said note, and thirty dollars was paid by mistake, and has not been returned or credited on said note; that about the 15th day of July, 1866, the defendant paid the further sum of thirty dollars as usurious interest on said note. From which facts, the court held that the defendant was entitled to a credit on the note for the thirty dollars usurious interest embraced in the face of the note, and for the thirty dollars paid by mistake in May 1865, making a total credit of sixty dollars; but that he was not entitled to a credit for the thirty dollars paid as interest in May 1865, or for the like sum paid in July 1866, because "of the act of the special session of 1865, forbidding the recovery of money paid as usurious interest." Thereupon the defendant excepted "to so much of the decision of the court as denied his right to the usurious interest paid in May 1865, and in July 1866." There was no motion for a new trial, and it is insisted by counsel for the appellee that the question as to the correctness of the ruling of the court, as a conclusion of law arising upon the facts so found, is not properly before this court; that in addition to the exception, it was also necessary, to a proper presentation of the question here, that a motion for a new trial, for the alleged error of law, should have been made and overruled. We are inclined to a different opinion. It is provided by section 341 of the code that, "upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the·decision of the court upon the questions of law involved in the trial, in which case the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be entered accordingly." Here, the appellant excepted to the decision of the court as to the conclusion of law upon the facts so found, and notified the court of his intention to take the question of law to the Supreme Court. We think it was designed by the statute that such cases·should be prepared for the Supreme Court

simply by a proper exception to the conclusions of law stated by the court, without a motion for a new trial. This practice seems to be sustained by the 347th section of the code, which declares that "either party may reserve any question of law decided by the court. Any question of law so reserved may be taken to the Supreme Court upon the bill of exceptions showing the decision; or, if it arises on demurrer, upon the pleadings involved," &c. The construction here given to the statute is in accordance with the previous rulings of this court. See *Williams* v. *The N. A. & S. R. R. Co.* 5 Ind. 111; *Myerson* v. *Neff id.,* 523; *Addleman* v. *Erwin,* 6 Ind. 494; *Spencer* v. *Russel,* 9 Ind. 157; *The Indianapolis Ins. Co.* v. *Mason,* 11 Ind. 171.

Having thus disposed of the preliminary question, we return to the question presented by the appellant. Did the court err in the conclusion of law from the facts presented by the special finding? The act of 1861, under which the note in this suit was given, and the payment of the thirty dollars in *May,* 1865, made, fixed the rate of interest at six per cent. per annum, and declared all interest contracted for, reserved, or received, in excess of that rate to be usurious; but, in all such cases, authorized the recovery of interest at the rate of six per centum per annum. It also provided, that "if a greater rate of interest than six dollars a year for one hundred dollars shall have been paid," on any contract, "whether in advance or not, judgment shall be rendered only for the amount of principal, deducting the excess of interest thus paid, at the time paid." Acts 1861, p. 138. But in 1865, at the special session of that year, section 5 of the act of 1861 was amended so as to read as follows: "If a greater rate of interest than is herein-before allowed" (6 per cent.) "shall be contracted for, the contract shall not therefore be void, but if, in any action on such contract, proof be made that interest at a rate exceeding six dollars a year on one hundred dollars has been directly or indirectly contracted for, the plaintiff shall recover only his principal with six per cent. interest, and he shall

also recover costs; but that in all cases in which money or any other thing of value shall have been voluntarily paid as interest for the loan, use, or for usance of money, the same shall not be recovered back, either directly or by any set-off or counter claim or payment." Acts Spec. Sess. 1865, p. 176. This act was in force when the appellant paid the thirty dollars in July 1866.

In 1867, the legislature passed another act on the subject, the first section of which fixes the legal rate of interest at six per cent., when not otherwise contracted for in writing, and when so contracted for, it cannot exceed the rate of ten per cent.; but it may be taken yearly or for any shorter period in advance.

" Sec. 2. All interest exceeding the rate of ten per centum per annum shall be deemed usurious and illegal, as to the excess only, and in any action upon a contract affected by such usury, such excess may be recouped by the defendant, whenever it has been reserved or paid before the bringing of the suit." Acts 1867 p. 151.

This act was in force when the present suit was instituted, and we agree with the appellant's counsel in the opinion that the decision of the case must be governed by it. *Redman* v. *Deputy*, 26 Ind. 338. And we think the Common Pleas erred in refusing to take into consideration the payments in May 1865, and July 1866, for the purpose of ascertaining the amount due on the note, or in determining whether it was in fact usurious under the statute, as well as in supposing that the usurious interest, if any, could not be recouped because of the provision in the act of 1865. But nevertheless we cannot reverse the judgment, for the reason that it is not for a greater amount than was actually due on the note, under the statute of 1867.

The appellant's counsel is in error in supposing that the payments referred to should be deducted from the principal of the note, or the whole amount credited upon the six per cent. interest which the note drew from date. Those payments were made for interest over and above the six per cent-

um accruing by the terms of the note. The second section of the act of 1867, only declares the excess of interest above the rate of ten per centum per annum to be usurious and illegal, and only authorizes such excess to be recouped when it has been reserved or paid before the bringing of the suit. Here, the real contract between the parties, as disclosed by the answer, with which the finding of the court substantially agrees, was this: The appellant contracted for a loan of $500 for three years, with interest at the rate of twelve per cent. per annum. The note was executed for the sum loaned, with interest at the rate of six per cent. payable annually; at the same time, the payee retained thirty dollars of the sum loaned, being six per cent. thereon for one year, in advance, and the appellant executed his notes for sixty dollars, payable at a future time, which, with the thirty dollars retained from the loan, made six per cent., interest for the three years the note had to run. This, under the statute of 1867, would make two per cent. of usurious interest for three years, which, if paid, might be recouped. Adopting this rule, and it will appear by calculation, that the judgment of the court is for a less sum than was actually due on the note. The appellant has nothing therefore of which to complain. He was not injured by the finding of the court, and the judgment must be affirmed.

The judgment is affirmed, with five per cent. damages and costs.

*J. E. McDonald, A. L. Roache, T. J. Merrifield* and *W. H. Calkins* for appellant.

*S. I. Anthony, F. Church, S. E. Perkins, L. Jordan* and *S. E. Perkins Jr.,* for appellee.