### REYNOLDS v. ROUDABUSH.

USURY.—*Interest.*—*Pleading.*—*Recoupment.*—Interest in excess of six, but not exceeding ten, per cent. per annum, voluntarily paid for the use of money, can not be recouped, though no agreement in writing was made for its payment.

SAME.—*Answer.*—An answer which is pleaded to the whole, but only goes to a part, of a complaint, is insufficient on demurrer.

From the Montgomery Circuit Court.

*L. Wallace, G. D. Hurley* and *B. Crane,* for appellant.
*P. S. Kennedy* and *W. T. Brush,* for appellee.

BIDDLE, C. J.—Complaint by appellee on note and mortgage, praying judgment and foreclosure.

Judgment for appellee; exceptions by appellant, and appeal.

The appellant answered the complaint, as follows:

"The defendant, for partial answer to the complaint herein, says, that as to the sum of $793.87, parcel of said sum of $1,500, in this complaint demanded, the said defendant admits that he owes the said sum of $793.87 to the said plaintiff; but as to the sum of $593.75, the residue of the said sum of $1,500, the defendant says that the said promissory note, in the complaint men-

tioned, was given by him to the plaintiff for the loan of $2,300, for twelve months and no more, and is silent as to interest upon the loan; that he paid plaintiff $1,484.41, which was paid as interest on said loan, at the rate of ten per centum per annum, the last payment being on the 18th of May, 1875; that, of the interest so paid, $593.75 was paid greater than at the rate of six per centum, the said agreement to pay interest at the rate of ten per centum not being in writing and signed. Wherefore," etc.

To this paragraph, a demurrer for want of sufficient facts was sustained, and exceptions reserved by the appellant.

The statute provides, that interest upon the loan or forbearance of money shall be at the rate of six dollars per year upon one hundred dollars; and that no greater interest shall be taken, directly or indirectly, unless the agreement to pay a higher rate of interest be made in writing and signed by the party to be charged; but such rate of interest shall in no case exceed the rate of ten dollars per year on one hundred dollars. It also provides, that all interest exceeding the rate of ten per cent. per annum shall be deemed usurious and illegal as to the excess only; and, in any action upon a contract affected by such usury, such excess may be recouped by the defendant, whenever it has been reserved or paid before the bringing of the suit. 1 R. S. 1876, p. 599.

The paragraph of the answer which we are considering does not aver that the appellant paid any interest in excess of ten per cent. per annum, but that he paid the excess over six per cent. up to ten per cent. This excess of four per cent. over six per cent.—the contract to pay it not being in writing—the appellant could not have been compelled to pay, while the agreement remained executory; but, having voluntarily paid it, with a full knowledge of the facts, it has become an executed contract, and can not be recouped, unless by the authority of some express statute. The statute authorizes the re-

coupment of interest in excess of ten per cent., but we know of no statute which authorizes a recoupment below ten per cent., when the interest has been voluntarily paid; indeed, the statute in force at the time prohibited any such recoupment. 1 R. S. 1876, p. 600, sec. 5; *Bowen* v. *Phillips,* 55 Ind. 226.

We are thus forced to the conclusion, that the paragraph we are examining is not sufficient, and that the demurrer to it was rightly sustained.

There is another paragraph of answer, to which a demurrer for want of sufficient facts was sustained; but it undertakes to answer the whole complaint, and answers only as to the excess of interest paid, and is so clearly bad for that reason that we give it no particular examination.

The judgment is affirmed, at the costs of the appellant.