## HIATT ET AL. *v.* RENK.

NEW TRIAL.—*Compelling Trial Without Issue.—Waiver.*—Irregularity, in compelling the defendant to go to trial without requiring a reply to a special answer, is cause for a new trial, but is waived by his failure to give evidence under such answer.

SAME.—*Striking Out Answer Filed Without Leave.—Bill of Exceptions.—Judgment on Pleadings.*—A cause pending on a rule to reply having been announced by the parties, several days before the time fixed to try it, as

Hiatt *et al. v.* Renk.

ready for trial, the defendant afterward filed an additional answer without leave of court, and, when the cause was called for trial, he objected that it was not at issue, whereupon the court struck out the additional answer and tried the cause without a reply.

*Held,* the answer struck out not being made part of the record by bill of exceptions, that the action of the court was proper, and that the defendant is not entitled to judgment on the pleadings.

INTEREST.—*Voluntary Payment of.— Recoupment.—Promissory Note.— Case Overruled.*—Interest at the rate of ten per cent., voluntarily paid and accepted after maturity, on a promissory note stipulating for only six per cent., can not be recouped. *Snyder* v. *Braden,* 58 Ind. 143, overruled.

MORTGAGE.—*Foreclosure Against Subsequent Purchaser.—Evidence.*—In an action to foreclose a mortgage on real estate, against a subsequent purchaser, the evidence must show that the mortgage was recorded, or that the purchaser had notice thereof at the time of the purchase, or judgment of foreclosure is erroneous.

From the Wayne Superior Court.

*I. B. Morris,* for appellants.

*H. B. Payne,* for appellee.

BIDDLE, J.—Suit by the appellee against the appellants, to foreclose a mortgage.

Answer :

1. General denial ;

2. A special paragraph.

A third special paragraph was filed and stricken out by the court.

Trial by the court and finding for appellee.

Motion for a new trial overruled ; exceptions.

The appellant moved for judgment for costs on the pleadings. This motion was overruled, exceptions reserved, and judgment rendered. Appeal.

The appellants make the following points :

1. That the complaint is insufficient ; but they have not shown us wherein. It sets out the mortgage and the note, assigns breaches, and makes them exhibits. We can discover no material defect in the complaint .

2. That the court erred in compelling the appellants to

go to trial before the case was put at issue. The general denial was in, and the appellants offered no evidence under the special paragraph of answer. This is shown by the evidence, which is all before us. But this irregularity, if it was an error, occurred at the trial, and should have been assigned as a cause for a new trial. It was not; the question is therefore waived. Busk. Prac. 124, 125, and the numerous authorities there cited.

3.  That the court committed an error in overruling the appellants' motion for judgment in their favor, for costs, on the pleadings.

This point, it is claimed, was reserved by a bill of exceptions in the following words:

" The court called the cause for trial, and I. B. Morris, counsel for defendant W. J. Hiatt, stated that the cause was not at issue, and objected to trying the case until it was put at issue; that defendant Hiatt had filed two paragraphs of answer that had not been replied to. But the court overruled defendant's objection, because the cause had been called from day to day, and under a rule of court, when a cause is at issue, the parties are required to elect whether the cause will be tried by the court, and a jury trial waived; and, two or three days before, the parties announced that the case was at issue, and would be tried by the court, and it was set down by the court for the day on which it was tried; and, when the case was called, the counsel for defendant Hiatt announced that they had filed another paragraph of answer; the same, being done without leave of court or notice to plaintiff, was stricken from the files by order of the court, and proceeded to try the case. To which ruling of the court the counsel for the defendant, at the time, objected and excepted."

It seems to us, that, after the parties had announced that the case was at issue, two or three days before the day on which it was set down for trial, the appellant, who, in the mean time, had not asked for a reply to his answer, had

no right to delay the trial when the case was called, for the purpose of requiring the appellee to reply. Such a practice would put it in the power of an attorney to very much embarrass the proceedings of a court. It appears to us, therefore, that the appellant, having stated two or three days before the case was set down for trial, that the case was at issue, must be held to have waived a reply to his answer, and be required to stand by the issue, as if his answer had been denied. Upon this basis, he had no right to any judgment in his favor on the pleadings. And, as the rejected paragraph has not been brought back into the record by a bill of exceptions, to inform us what it was, we must presume that the court rejected it properly.

4.   That the damages are excessive.

The note stipulated for interest, at the rate of six per cent. A bill of exceptions informs us that the rate allowed by the court, accruing after the note became due, was ten per cent., which had been voluntarily paid and accepted. Section 5 of the amended act of 1861, 1 R. S. 1876, p. 600, prohibits the recoupment of any interest when it is voluntarily paid. By the act of 1867, 1 R. S. 1876, p. 599, it is declared, that all interest exceeding ten per cent. may be recouped, but does not repeal section 5, above cited, as to that part which prohibits any recoupment at all when voluntarily paid. In construing the two acts together—the latter not expressly repealing the former—it is plain that recoupment can not be allowed in any case except as to the excess of interest over the rate of ten per cent., when it is voluntarily paid and received. This is the construction of our interest laws as elaborated in the following cases: *Holcraft* v. *Mellott*, 57 Ind. 539; *Reynolds* v. *Roudabush*, 59 Ind. 483. The case of *Snyder* v. *Braden*, 58 Ind. 143, as far as it conflicts with this opinion and the cases above cited, is overruled. According to this view, the court did not err in allowing interest at the rate of ten per cent.,

VoL. LXIV.—38

which accrued, and had been voluntarily paid and accepted, after the note became due.

But the judgment must be reversed. Hiatt purchased the mortgaged property after the mortgage had been executed. There was no evidence before the jury that the mortgage had ever been recorded, although the averments and exhibits show that it was regularly recorded; nor was there any evidence introduced tending to prove that Hiatt had any notice of the mortgage before he purchased the property. According to evidence in the record, Hiatt stands as an innocent purchaser for a valuable consideration, paid without either constructive or actual notice of the mortgage. This omission was, doubtless, an oversight, but it is nevertheless fatal to the case.

The judgment is reversed, at the costs of the appellee, cause remanded for further proceedings, according to this opinion.