No. 9093.

## Sims *v.* Squires.

Interest.— *Recoupment.— Promissory Note.— Statute Construed.—* In a suit upon a note stipulating for the payment of interest at the rate of ten per cent., executed before the law authorized such rate interest in excess of six per cent., and not exceeding ten per cent., voluntarily paid after the law authorized such higher rate of interest, can not be recouped under the provisions of the act of March 10th, 1879.

Same.—*Contract.*—Such interest, when paid, could not be recouped or recovered back, and the act of March 10th, 1879, does not affect existing contracts.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.
*S. H. Doyal* and *P. W. Gard*, for appellee.

BEST, C.—On the 19th day of May, 1880, the appellee brought this action against the appellant to recover the balance due upon a promissory note made by him on the 9th day of January, 1866, for $700, with interest at ten per cent., and recovered a judgment for $184.50.

The appellant appeals and insists that the court erred in overruling his motion for a new trial. The facts are undisputed. From the 15th day of February, 1869, interest at the rate of ten per cent. was voluntarily paid upon the note and the only question in the record is whether the appellant is entitled to recoup the excess over six per cent. If so, it will exceed the amount due upon the note, and if not the appellant concedes that the judgment is right.

At the time the note was made, the law did not authorize interest at a greater rate than six per cent. Acts 1861, p. 138.

On the 19th day of December, 1865, an act was passed, providing that if a greater rate of interest than six per cent. shall be contracted for, the contract shall not be void, and that in all cases in which money or other thing of value shall have been voluntarily paid as interest, the same shall not be recovered back, either directly or by way of set-off, counterclaim or payment.

On the 9th day of March, 1867, an act was passed, authorizing interest at ten per cent., if secured by a written agreement, and authorizing interest in excess of ten per cent. voluntarily paid, to be recouped in an action upon such contract.

Thus the law stood at the time the interest in question was paid, and had the law so remained, it is clear that it could not have been recouped, as the law only authorized interest in excess of ten per cent. to be recouped, though no agreement in writing had been made for its payment. *Reynolds* v. *Roudabush*, 59 Ind. 483. In *Highfill* v. *McMickle*, 39 Ind. 270, this court held that the act of March 9th, 1867, rendered

valid a stipulation to pay ten per cent. contained in a note made before its passage, and in *Sparks* v. *Clapper*, 30 Ind. 204, it was held that such act rendered valid the payment of interest at ten per cent., made after its passage upon a contract, stipulating for such rate, executed before its passage.

At the time the interest in question was paid, the law authorized such rate, and did not authorize the appellant to recover it back nor to recoup it in a suit upon the note. Its payment was legal when made, and can not now be recouped unless some statute authorizes it. The statute of March 10th, 1879, is relied upon. The first section provides that interest shall be at the rate of six per cent., unless the same be in writing, and then it can not exceed eight per cent.

The second section provides that interest upon judgments for money shall not exceed six per cent.

The fourth section provides that if a greater rate of interest shall be contracted for than is allowed, the interest in excess of six per cent. shall be recouped whenever paid, before bringing suit; and the eighth section provides that all acts on the subject of interest are repealed, " but nothing herein contained shall be construed as affecting existing contracts, except after verdict, as herein provided, nor a right to defend in a suit upon such contracts for excessive interest, as is now provided by law."

By the fourth section of this act, usurious interest in excess of six per cent, when paid, may be recouped in an action upon such contract, but the eighth section limits the right of recoupment to such contracts as are made after the passage of the law. Existing contracts are not affected, except as to the rate of interest after verdict, and the right to defend for excessive interest in suits upon such contracts is expressly withheld. The note in suit was an existing contract at the time this law was enacted, and as it does not authorize the recoupment, it follows that the interest thus paid can not be recouped. The question is not whether the appellee, under the act of 1879, can compel the appellant to pay ten per cent. interest upon

the note in suit, but whether he can recoup the excess over six per cent. of such interest voluntarily paid at a time when the law authorized its payment. The parties could lawfully contract for such interest, and its payment upon a verbal contract was not unlawful, nor could it be recovered back directly or by way of recoupment. When paid, the contract became executed and was as binding as though the interest had been paid in pursuance of a written contract. The interest thus paid became the money of the appellee in pursuance of an executed contract, and neither the act of 1879 nor the law in force at the time of its payment authorizes its recoupment. *Reynolds* v. *Roudabush*, 59 Ind. 483.

The judgment was right, and should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellant's costs.