No. 9709.

KEPLER v. CONKLING ET AL.

INTEREST.— *Usury.—Recoupment.—Statute Construed.*—Usury paid while the act of 1861 (1 R. S. 1876, p. 600) was in force, can not be recouped in a suit brought for the debt after the act of 1879 (Acts 1879, p. 43) took effect.

SUPREME COURT.—*Reversal of Judgment.—Error.*—Affirmance on appeal, notwithstanding hurtful error, pursuant to sections 398 and 658, R. S. 1881, is justified only when it affirmatively appears by the record that the merits of the cause have been fairly tried and determined; but if this be uncertain there will be a reversal.

From the Henry Circuit Court.

*H. C. Fox* and *M. E. Forkner,* for appellant.

*C. H. Burchenal* and *J. Yaryan,* for appellees.

BICKNELL, C. C.—This action was brought by the appellant against the appellees, upon three promissory notes executed by the defendants to the plaintiff, and a mortgage securing the same. Issues were joined upon complaint, answer and reply. There is no question upon the pleadings. There

Kepler *v.* Conkling *et al.*

was a trial by the court, who, at the request of the plaintiff, under section 341 of the code of 1852, stated the facts and the conclusions of law separately, as follows:

"I find that in 1862 there was a judgment against these defendants in the Wayne Circuit Court, in favor of David Conwell; that in 1862 or 1863 the plaintiff, Kepler, at the request of defendants, paid off this judgment, the balance then being $2,400; that the judgment bore six per cent. interest; that for seven years the defendants paid said Kepler $230 each year, in all, $1,610, and for the next two years $400 each year, in all, $800, making a total for nine years of $2,410 in excess of the six per cent. interest the judgment was bearing, as and for the use of said money, and in consideration that Kepler would and did give them time on said debt; that in January, 1872, they had a settlement, in which said judgment was counted up at six per cent. interest, and no account was taken or credit allowed for the extra interest paid as above found; that the notes in suit, to wit, three notes for $720 each, payable to the order of John Kepler, dated January 1st, 1872, and payable respectively in three, four and five years after date, with interest at ten per cent. and costs and attorneys' fees, signed by the defendants, and each credited with interest paid to January 1st, 1877, and another note for $1,440, were given for the balance due on said judgment; that the $1,440 note has since been paid off, and the interest on the notes in suit to January 1st, 1877, and that the suit was begun since the law of 1879 was in force; from all of which I draw the following conclusions of law:

"1. That the plaintiff is entitled to six per cent. interest on said judgment and no more.

"2. That the $2,410 paid as extra interest over and above the six per cent. was usurious, and that the defendants are entitled to recoup the same.

"3. That there is, therefore, nothing due the plaintiff upon the notes in suit, and the defendants are entitled to a judgment in their favor for costs."

The plaintiff objected and excepted to said special finding; his objection was overruled, and he excepted to said overruling. He excepted to the conclusions of law. He moved for a new trial, alleging that the finding was not sustained by the evidence and was contrary to law. This motion was overruled; judgment was rendered on the finding, and the plaintiff appealed.

He has assigned eight specifications of error, but as his counsel, in their brief, discuss the fifth, sixth and seventh only, the others are regarded as waived. The fifth is that the court erred in overruling the plaintiff's exception to the special finding. The sixth is that the court erred in not finding specially on all the issues of fact in said cause.

These specifications present no question, because the exception mentioned in sections 341 and 342, *supra,* is not an exception to the finding of the court, but to the conclusions of law. *Cruzan* v. *Smith,* 41 Ind. 288. And it is not the office of a special finding to find expressly upon the issues, but to find the facts proven within the issues. *Ex parte Walls,* 73 Ind. 95, 110. If the court ought to have found facts which are not found, the remedy is by a motion for a new trial, on the ground that the finding is contrary to the evidence. *Ex parte Walls,* 73 Ind. 95, 110, 111.

The seventh specification is that the court erred in its conclusions of law. The court assumed that because the laws of 1879 were in force at the commencement of the suit, therefore the suit was controlled as to interest by the act of March 10th, 1879 (Acts 1879, p. 43). Ordinarily, it is true that the law in force when the suit is brought controls the remedy, as to interest. *Perrin* v. *Lyman's Adm'r,* 32 Ind. 16; *Bowen* v. *Phillips,* 55 Ind. 226. But the eighth section of said act of 1879 provides that "nothing herein contained shall be construed as affecting existing contracts," etc. This case, therefore, was not governed by the law of 1879, but as to all payments of interest made prior to the taking effect of the act of March 9th, 1867 (1 R. S. 1876, p. 599), was governed by the act of March

7th, 1861 (1 R. S. 1876, p. 600), the fifth section of which, as amended by the act of December 19th, 1865 (3 Ind. Stat., p. 316), provides that " in all cases in which money or any other thing of value shall have been voluntarily paid as interest for the loan, use, or for usance of money, the same shall not be recovered back either directly or by way of set-off, or counter-claim or payment."

Hence, the sum of $2,410 mentioned in the finding having been voluntarily paid as interest, the defendants were not entitled to recover it all back. · *Sims* v. *Squires,* 80 Ind. 42; *Reynolds* v. *Roudabush,* 59 Ind. 483. The court, therefore, erred in its first and second conclusions of law.

The third conclusion of law is, " There is, therefore, nothing due the plaintiff upon the notes in suit, and the defendants are entitled to a judgment for costs."

The third conclusion being stated as a consequence of the other two, and they being wrong, it would seem that the third must also be wrong.

The appellees, in their brief, concede that the first and second conclusions of law are wrong, and they do not claim that the third is right, but they insist that, upon the facts as proved, the judgment was right, and, therefore, ought not to be set aside for intermediate errors. They cite section 398, R. S. 1881, to the effect that no judgment shall be reversed for any error which does not affect substantial rights, and section 658, of the same statutes, to the effect that a judgment shall not be reversed where it shall appear that the merits of the cause have been fairly tried and determined in the court below. They cite also several cases in which these statutes have been enforced, and they undertake to show that the matters found by the court fully warrant the judgment, but in so doing they assume certain facts which are not found by the court.

In *Sanders* v. *Scott,* 68 Ind. 130, where both the conclusion of law and the special finding showed that the judgment was for the proper amount, and yet, in the conclusion of law, there

was "a little confusion in the figures," it was held that no substantial error was committed.

In *Suman* v. *Springate,* 67 Ind. 115, this court said: "It is not stated in the special finding, that Julia V. McCullough, at," etc., "was a married woman; but there is a strong inference, * that she was such." The court further said: "If we may assume, as a fact found, that at," etc., she "was a married woman, the case is entirely free from difficulty." But the court declined so to assume, and decided the case as if she were a *feme sole.* There the special finding and judgment were for the defendant. There was some uncertainty in the finding upon another point; as to this the court said: "For the purposes of the decision we will put the most favorable construction for the plaintiff upon the finding, and regard it as found that Julia V. agreed to convey it back." This case decides that where an inference may be properly made from the facts stated in a special finding, that construction will be adopted which is most favorable for the party against whom the finding was made. In the case at bar there is no finding of the date of the advancement of the $2,400 by the plaintiff; the appellees assume that the date was January 1st, 1863.

Again, the special finding states that "the $1,440 note has been since paid off," but does not state when it was paid; the appellees assume that it was paid January 1st, 1874; they also assume that at that date the note fell due, but the finding states nothing on that point; it states only this: "And another note for $1,440 was given for the balance due upon said judgment."

Upon these three assumptions, to wit: 1. That the plaintiff advanced his money on January 1st, 1863; 2. That the note for $1,440 was due January 1st, 1874; 3. That said note was paid on January 1st, 1874,—the appellees, in their brief, state an account by which they claim that the notes were overpaid by $128.84, and that, therefore, the judgment for defendants was right, notwithstanding the errors in the conclusions of law. But these assumptions are not inferences properly made from the special finding. There is nothing in

the finding which shows when the $2,400 was advanced by the plaintiffs, nor when the $1,440 note fell due, nor when it was paid.

The cases cited by the appellees are not in point. The finding does not show that the judgment was right, nor do any proper inferences to be made therefrom show that the judgment was right.

The appellant claims $149.52 as due; the appellees claim an overpayment of $128.84, and it is impossible to determine by the finding which is right. The conclusions of law were clearly wrong, and for this error the judgment should be reversed. Ordinarily, in such a case, the cause is remanded to the court below, with instructions to state proper conclusions of law; but here there was a motion for a new trial because the finding was not sustained by the evidence and was contrary to law. We think this motion ought to have been sustained.

The judgment ought to be reversed, and a new trial should be awarded.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded for a new trial.

### On Petition for a Rehearing.

Bicknell, C. C.—The court, as stated in the principal opinion, made a special finding of the facts, and stated the following conclusions of law:

1st. The plaintiff is entitled to six per cent. interest, and no more.

2d. The $2,410 paid as extra interest over and above the six per cent. was usurious, and the defendants are entitled to recover the same.

3d. There is, therefore, nothing due the plaintiff on the notes in suit, and the defendants are entitled to judgment in their favor for costs.

The appellees admit that the first and second of these con-
clusions of law were wrong, and they were wrong undoubt-
edly. *Sims* v. *Squires*, 80 Ind. 42; *Reynolds* v. *Roudabush*,
59 Ind. 483. Therefore, the third conclusion of law can not
be the legal consequence of the other two, as it is stated to be.

In this petition the appellees claim· that, notwithstanding
the wrong conclusions of law, the judgment was right upon
the special findings, and therefore ought not to be set aside;
but the special findings were defective, as shown in the prin-
cipal opinion.   In such a case, when the conclusions of law
are clearly wrong, this court will not always send the case
back with instructions to state proper conclusions, but, when
substantial justice requires it, will award a new trial.   The
petition for a rehearing should be overruled.

PER CURIAM.—The petition is overruled.