SAWYER v. HASS.

[No. 11,382.   Filed January 3, 1923.]

1. USURY.—Recovery of Usurious Interest.—Usurious interest may be recovered in an action brought for that purpose, notwithstanding §7953 Burns 1914, Acts 1879 p. 43, providing that a debtor who is sued on a contract calling for interest at a higher rate than eight per cent. per annum may, in the same action recover, as usurious, all interest in excess of the legal rate which had been paid by him before the commencement of the suit, such statutory remedy not being exclusive.   p. 194.

2. SET-OFF AND COUNTERCLAIM.—Action on Note.—Pleading as Set-off Claim for Usury Paid on other Notes.—Statutes.—An action on a note being a money demand on contract, a claim by the maker for usury paid to the payee on the other notes could be pleaded as a set-off under §353 Burns 1914, §348 R. S. 1881, providing that a set-off shall be allowed only in actions for money demands on contract, and must consist of matter arising out of debt, duty or contract, liquidated or not, held by defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off, the maker's claim for the return of usurious interest being a matter arising out of a "duty" on the part of the payee within the meaning of the statute.   p. 195.

3. SET-OFF AND COUNTERCLAIM.—Distinctions.—Unlike the pleading of a counterclaim, a set-off may embrace matter which is not germane to the main action, and which constitutes an independent cause of action.   p. 195.

From Marion Superior Court (A10,797) ; *A. R. Robinson,* Judge.

Action by John T. Sawyer against Joseph Hass. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Walker & Hollett* and *Ralph E. Jones,* for appellant.

*Frank C. Groninger, Taylor E. Groninger* and *Ella M. Groninger,* for appellee.

REMY, J.—On August 9, 1914, appellee borrowed $500 of appellant, and, as evidence of the debt, executed and delivered to appellant his promissory note payable one day after date with interest at eight per cent. per annum after maturity. At the time the note was executed, the parties entered into a contemporaneous collateral agreement by the terms of which appellee was to pay the principal of the note in ten weekly installments of $50 each, and to pay $5.50 per week as interest. Appellee made the weekly payments as agreed, and at the expiration of the ten weeks' period, borrowed another $500 executing his note as before, which note was to be paid, and which was paid, in ten weekly installments of principal and interest, in like manner as he had paid the first. This process was repeated at intervals of ten weeks for a period of five years, or until twenty-six such notes had been executed and paid; the total amount of interest paid on the series of notes being $1,430. On August 9, 1919, appellee executed and delivered to appellant the note in suit, which, like each of the previous twenty-six notes was for $500, due and payable one day after date, with interest at eight per cent. per annum after maturity. This note like the others was executed in accordance with a similar contemporaneous agreement as to payment and interest. After the payment of the first installment of principal and interest in the sum of $55.50, appellee failed and refused to make further payments, and appellant, claiming that there was a balance of $450 due on the note, commenced this action to collect the same. To the complaint appellee filed answer in denial and a special answer averring the facts as to the previous twenty-six notes, their payment with usurious interest, and that, when the note sued on was

executed, there was, as there had been in each of the previous transactions, a contemporaneous agreement, by the terms of which appellee was to pay the note in ten weekly installments of $55.50 each, which sum was to include $5.50 interest per week; and asked that the usurious interest which had been paid by appellee during the five years be recouped against the amount of the note sued on. Appellee also filed a cross-complaint, in the nature of a set-off, alleging the facts set up in the special answer as to the execution and payment of the twenty-six notes with the usurious interest, demanding judgment for an amount equal to all interest paid over and above eight per cent. per annum. To the cross-complaint appellant filed an answer in denial, a plea of payment, and a special answer averring, in substance, that each of the several notes alleged in the cross-complaint to have been executed and paid by appellee, had by appellant been surrendered to appellee in full satisfaction and settlement of all matters set forth in the cross-complaint.

A trial by the court resulted in a judgment for appellee in the sum of $600.

The one question involved in this appeal is whether or not in the action by appellant on the note of August 9, 1919, appellee in a cross-action, in the nature of the set-off, can recover the usurious interest paid by him on the twenty-six notes executed and paid prior to August 9, 1919. It is contended by appellant that the cross-action cannot be maintained for the reason that the note sued on is not a renewal, but represents an independent transaction; the previous notes having been fully paid and settled before its execution.

Except the act of 1917, "to license and regulate the business of making loans of $300 or less" (Acts 1. 1917 p. 401, §8277i *et seq.* Burns' Supp. 1921), there is in this state no statute authorizing con-

tracts for interest at a rate in excess of eight per cent. per annum; and there was not at the time this action was commenced, and is not now, any statute in force in Indiana prohibiting the recovery of usurious interest in a cross-action by defendant, although the cross-action is based upon a claim which grew out of a transaction entirely independent of the contract forming the basis of the complaint in the main action.   It is true that §4 of the act of 1879 (Acts 1879 p. 43, §5201 R. S. 1881, §7953 Burns 1914), provides that a debtor who is sued on a contract calling for interest at a higher rate than eight per cent. per annum, may in the same action recover, as usurious, all interest in excess of the legal rate which had been paid by him before the commencement of the suit.   However, the remedy provided by this statute is not exclusive.   The borrower may resort to the remedy given by the common law.   It is well settled in Indiana, that under the common law usurious interest could be recovered in an action brought for that purpose.   *Baum* v. *Thoms* (1898), 150 Ind. 378, 382, 50 N. E. 357, 65 Am. St. 368.

Appellant's action, in the case at bar, being for a "money demand on contract," it was, under §93 of the Code of Civil Procedure, proper for appellee to plead as a set-off any claim he had against appellant consisting "of matter arising out of debt, duty, or contract, liquidated or not" held by appellee "at the time the suit was commenced," and "had matured at or before the time it is offered as a set-off." §353 Burns 1914, §348 R. S. 1881.   That appellee's claim for the return of the usurious interest is a matter arising out of a "duty" on the part of appellant within the meaning of §93 of the Code, *supra,* is not controverted.   Unlike the pleading of a counterclaim, a set-off may embrace matter which is not germane to the main action, and which constitutes an independent cause of action. *Wain-*

*wright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8. The Code of this state also provides that, "If a set-off established at the trial exceed the plaintiff's claim so established, judgment shall be rendered for the excess." §443 Code of Civil Procedure, §597 Burns 1914, §571 R. S. 1881.

It follows that, in the action commenced by appellant, appellee by way of set-off may recover the usurious interest he had paid to appellant on the previous independent transactions. In addition to *Baum* v. *Thoms, supra,* at pages 388, 389, see *Zeigler* v. *Scott* (1851), 10 Ga. 389, 54 Am. Dec. 395.

The facts, as shown by the evidence, are not in dispute, and, under the issues, the judgment should have been for an amount equal to the usurious interest paid, less the balance due on the note in suit, on the day judgment was rendered, and is but a matter of calculation. The judgment of $600 rendered by the trial court is more than $300 less than it should have been. Appellee, however, did not move for a new trial, and is asking for an affirmance of the judgment.

Affirmed.