BELL *v.* RUSH ET AL.

[No. 14,799.   Filed March 8, 1934.]

*Roscoe D. Wheat,* for appellant.

*Frank B. Jaqua, Sumner W. Haynes,* and *Byron G. Jenkins,* for appellees.

DUDINE, J.—Suit instituted by appellees against appellant to recover usurious interest paid on notes.

The issues having been closed, trial was had by the court, who rendered judgment for appellees and against appellant in the sum of $193.23.

Appellant seasonably filed a motion for new trial, which was overruled, and this appeal was perfected. The sole error relied upon for reversal is error in overruling said motion.

The grounds for new trial assigned in the motion and discussed in the brief are: (1) The finding is not sustained by sufficient evidence; (2) the decision is not sustained by sufficient evidence; (3) the finding is contrary to law; (4) the decision is contrary to law.

Under said grounds one and two appellant, in her brief, under the heading of propositions and authorities, merely discusses the evidence and draws conclusions as to what facts were proven by the evidence. Therefore no question, as to said first and second grounds for new trial, is presented for determination by this court as is prescribed by Rule 22 paragraph 6 (now Rule 21 paragraph 6) of this court, and we will deem said grounds for new trial as waived.

The evidence shows that on November 16, 1914, appellees executed a note to John Bell, husband of appellant, in the principal sum of $84.20, which provided for eight per cent interest from date until paid; that on the same date appellees executed a mortgage of real estate to said John Bell to secure the payment of said note; that at the time of executing said note and mortgage it was understood and orally agreed between said John Bell and appellee, John Rush, that John Rush was to pay interest at the rate of two per cent per month, in lieu of the eight per cent interest provided in the note. Said note was renewed January 5, 1916, by a renewal note in the principal sum of $114.45 providing eight per cent interest from date until paid which was likewise secured by a mortgage on real estate. It was likewise orally agreed by said John Bell and appellee John Rush, that Rush was to pay interest at the rate of two per cent per month on the renewal note in lieu of the eight per cent interest provided therein. Payments in the sum of $40.90 were made on the original note before it was renewed, and payments in the sum of $48.23 were made on the renewal note to John Bell prior to his death, and payments of $188.67 on the renewal note were made to appellant up to July 5, 1930, which is the date of the last payment.

John Bell died July 18, 1920, leaving appellant his sole heir. She inherited said note.

On January 1, 1916, five days before said renewal note was executed, John Bell obtained a license to do "Petty Loan" business, as prescribed in Chap. 167, Acts 1913, page 457 (§8277a et seq., Burns R. S. 1914), and was qualified to transact such business at the time said renewal note was executed, but he was not so qualified before January 1, 1916.

This cause of action was filed July 28, 1931.

Under their grounds for new trial that the finding and decision was contrary to law, appellant contends "the parties could lawfully make an oral contract for two per cent interest per month and when the two per cent per month was paid, it became an executed contract and as binding as though in pursuance of a written contract, and the money was not usurious and cannot be recovered back directly or by way of recoupment." (Quoting from appellant's brief) We cannot agree with said contentions.

The law in effect at the time the agreements were made determines the validity of the agreements.

■ See *Highfill* v. *McMickle* (1872), 39 Ind. 270; *Sager* v. *Schnewind* (1882), 83 Ind. 204.

Chapter 24 of the Acts of 1879, p. 43, was in effect when said second contract was made. Section one of said act (§9328 Burns R. S. 1926) provided that no agreement to pay a higher rate of interest than six per cent per annum shall be valid unless it be in writing and "in such case, it shall not be lawful to contract for more than eight per cent per annum."

Section four of said act (§9331, Burns R. S. 1926) was as follows:

"When a greater rate of interest than is hereby allowed shall be contracted for, the contract shall be void as to the usurious interest contracted for; and, in an action on such contract, if it appears that interest at a higher rate than eight per cent has been, directly or indirectly, contracted for, the excess of interest over six per cent shall be deemed usurious and illegal, and, in an action on a contract affected by such usury, the excess over the legal interest may be recouped by the debtor, whenever it has been reserved or paid before the bringing of the suit."

From the time said Act of 1879 went into effect until Chapter 167 of the Acts of 1913, p. 457 (§8277a *et seq.*, Burns R. S. 1914), went into effect, no contract for

interest in excess of eight per cent per annum was authorized by statute. Said Act of 1913 did authorize such contracts by licensed "petty money lenders."

Section eight of said Act of 1913 (§8277h, Burns R. S. 1914), provided that said act did not apply to loans secured by mortgage on real estate. Said ■ second loan having been so secured, it was not authorized by said Act of 1913.

Said second loan not being authorized by said Act of 1913, said Act of 1879 applies, and said second loan providing interest in excess of eight per cent per annum, it is contrary to said Act of 1879, and is therefore invalid.

The question, whether or not the usurious interest paid by appellees on said second contract could be recovered, remains.

Our Supreme Court said in *Baum et al.* v. *Thoms* (1897), 150 Ind. 378, 382, 50 N. E. 357, "Whatever the rule may be in other states, it has been uniformly held in this jurisdiction that usurious interest at common law could be recovered back in an action brought for that purpose." (See long list of authorities cited.)

"The rule is that the borrower who has paid more than the legal rate of interest is not confined to the remedy given by statute, but may maintain assumpsit at common law to recover back the excess of interest paid, on paying or offering to pay the money lent with lawful interest." Citing *Berry* v. *Makepeace* (1851), 3 Ind. 154, and other authorities.

The Supreme Court also showed in said case how said common law rule was modified by statute down to and including said Act of 1879, p. 43, *supra*. The court held that said act gave the payor of usurious interest the right to recoup it in an action brought on the contract, and further held that in addition to that right,

he still had the common law right to recover back usurious interest. In discussing that proposition the court said ". . . in the absence of a statute expressly prohibiting it, usurious interest, which has been paid by a debtor, may be recovered in a direct action, or in any action brought by the person receiving such usurious interest, on a contract express or implied against the debtor."

Sections one and four of said Act of 1879 remained in effect until the Act of 1929, p. 80 (§9331 *et seq.*, Burns Supp. 1929), went into effect. The differences in said acts are not material in the instant case. Neither of said acts prohibited the recovery of usurious interest paid by a debtor; on the contrary both of said acts provided that contracts providing for interest in excess of eight per cent per annum should be deemed usurious and illegal and that such usurious interest, when paid, could be recouped by the payor in an action on the contract.

Said Act of 1929, *supra*, was in effect when the instant suit was filed.

There having been no statute in effect, when the instant suit was filed, which prohibited the recovery of usurious interest paid, in a direct action, we hold on authority of *Baum* v. *Thoms*, supra, and authorities therein cited, that appellees had such right. *Baum* v. *Thoms, supra*, was such direct action. (Followed in *Sawyer* v. *Hass* (1923), 79 Ind. App. 192, 137 N. E. 622) See L. R. A. 1918 B note beginning on page 585.

The case of *Sims* v. *Squires* (1881), 80 Ind. 42, cited by appellant is clearly distinguishable from the instant case. In that case Squires brought suit against Sims to recover a balance due on a note providing ten per cent interest. "The only question in the record is (was) whether appellee (Squires) is (was) entitled to recoup the excess over six per cent."

The law in effect during the time the payments were made authorized interest *in excess of ten per cent* to be recouped, but did not authorize interest between six per cent and ten per cent to be recouped. The law in effect at the time the suit was brought, authorized a recoupment of interest at rates between six per cent and ten per cent, but it provided specifically that it did not affect existing contracts. Not affecting existing contracts, it did not authorize recoupment on existing contracts, where such right did not exist before the later law became effective.

*Reynolds* v. *Roudabush* (1877), 59 Ind. 483, cited by appellant is also distinguishable. In his answer to a complaint on a note, Reynolds alleged he paid a certain amount in excess of interest at the rate of six per cent per annum, and asked to recoup said excess. The law at the time of filing the suit provided "that all interest exceeding the rate of *ten* per cent per annum should be deemed usurious and illegal as to the excess only; and, ʻ. . . such excess may be recouped . . ." (Quoting from said case) Reynolds wanted to recoup, as usurious, all interest paid in excess of six per cent while the law merely authorized a recoupment of the excess over ten per cent.

In his reply brief appellant shows that the mortgage given to secure the later note, was released before the instant suit was filed, and contends "if the mortgage on the real estate was improper, unlawful or void, it will not affect a valid contract contemporaneously executed."

In answer to said contention we call attention to the fact that Section eight of said Act of 1913 (§8277h, Burns 1914, *supra*), did not provide that where a loan providing interest in excess of eight per cent per annum is secured by mortgage, merely the mortgage is invalid, it provided that said act did not

apply to such loans. Said Act of 1879 declared invalid all contracts for interest in excess of eight per cent per annum, and said statute remained in effect until said statute of 1913 went into effect. Said Act of 1879 was not repealed by said Act of 1913, but was merely modified by it. Therefore, if said Act of 1913 did not apply to the instant contract—said act of 1879 did apply.

There was sufficient evidence to sustain a finding that said second loan provided interest in excess of eight per cent per annum, and that it was secured by a mortgage of real estate. No contention is made that the amount of the judgment was too large. We deem it expedient however to note that the total of the payments received by appellant as is shown by the evidence, plus interest thereon at six per cent from date of each respective payment to the date of judgment exceeds the amount of the judgment.

Judgment affirmed.