FRENCH v. FLETCHER TRUST COMPANY.

[No. 15,745. Filed January 25, 1938. Rehearing denied April 20, 1938.]

Don R. French, for appellant.

Richard F. Mills, for appellee.

DUDINE, P. J.—This was an action instituted by appellee Fletcher Trust Company against appellant Donald R. French to recover on a promissory note, on which appellant was the maker.

The complaint was in the ordinary form of complaint on a promissory note.

Appellant filed a cross-complaint in two paragraphs, each of which is denominated a "set-off." Appellee filed a motion to strike each of said paragraphs of cross-complaint on the ground that each alleges a claim arising not out of debt, duty or contract, but out of tort, and that the claim is not a proper or legal basis for a set-off against the action set up in the complaint. The motion was sustained as to each paragraph of cross-complaint.

Thereafter appellant filed an answer in general denial, and the cause was submitted to the court for trial without a jury. The court found for appellee (plaintiff below) on the complaint, and rendered judgment against appellant.

The only errors assigned on appeal are alleged error in striking out each of said paragraphs of cross-complaint. The sole question to be determined by this court is whether the cross-complaint states a claim which is available to appellant as a set-off against appellee's action on a promissory note.

Appellant does not contend that there is any material difference between the two paragraphs of cross-complaint and we think there is no difference between them which is material in this appeal, therefore we shall discuss only the first paragraph of cross-complaint.

It alleges, "by way of set-off against the plaintiff's claim . . . That heretofore on or about the — day of July, 1920, and for many months prior thereto and afterwards, the defendant's mother, Alice M. French, a widow then residing in Marion County, Indiana, was a customer of the Fletcher Trust Company, then known and operating under the name and style of the Fletcher Savings & Trust Company, the plaintiff in this cause; that she maintained her checking account at said Trust Company, rented and used one of the safety boxes provided therein for customers and frequently consulted with the officers and employees of said Trust Company, in whom she had full confidence, upon matters pertaining to making investments with her money and the buying and selling of corporate stock; that she knew little or nothing about financial matters but relied solely upon the advice and information given her by said officers and employees, and she did under their guidance and pursuant to their advice buy several varieties of corporation stock which were on sale at said Fletcher Trust Company; that, during the time when said fiduciary relations existed between the Fletcher Trust Company and the defendant's mother, and on the date aforesaid, the Fletcher Trust Company sold to her a quantity of stock in the Midwest Engine Corporation for and in consideration of the sum of six hundred ($600.00) dollars; that said sum of six hundred dollars was paid by Alice M. French to the Fletcher Trust Company, and said stock was delivered to her by said Trust Company; that at the time said stock of the Midwest Engine Corporation was sold to her by said Fletcher Trust Company said stock was worthless; . . . that at the time said Midwest Engine Company was in imminent danger of insolvency and did not possess sufficient property or assets to make secure an investment in any of its stock, . . . and this fact would have been ascertained by

a party having knowledge of financial matters through a reasonable inquiry such as it was the duty of the Fletcher Trust Company to make before selling any of said stock to Alice M. French and taking her money in payment thereof; and it was the duty of the Fletcher Trust Company not only to know that said Midwest Engine Corporation was in imminent danger of insolvency but to disclose said fact to a party relying upon its officers and employees for advice; but that through the conduct and advice of said Fletcher Trust Company, the officers and employees, Alice M. French was led to believe that a purchase of stock in the Midwest Engine Corporation was a good and safe investment, and that she was thereby led to act upon that belief and to pay to the plaintiff the sum of six hundred ($600.00) dollars; that by reason of such breach of trust on the part of the Fletcher Trust Company as hereinbefore set forth the defendant's mother was damages in the sum of six hundred ($600.00) dollars, and said sum was wrongfully acquired, and taken from her, by said Fletcher Trust Company, the plaintiff in this action.

"That thereafter the Midwest Engine Corporation went into receivership and all who had purchased stock in said corporation experienced a total loss on their investment; that no part of said sum of six hundred ($600.00) dollars so acquired by the plaintiff from the defendant's mother, Alice M. French, was ever returned to her, and said stock remained in her hands until her death on which event it became a part of her estate.

"That Alice M. French died testate on the 29th day of December, 1934. . . .

"That the defendant in this cause is the sole successor in interest of Alice M. French, and that her claim against the Fletcher Trust Company together with the said stock of the Midwest Engine Corporation came into his possession and became his property immediately

upon the closing of said estate and the same was in his hands and he was the owner thereof prior to the time when the Fletcher Trust Company brought this action against him.

"That by reason of the facts hereinbefore alleged this defendant is entitled to a set-off against the claim of the plaintiff on its note, and inasmuch as the amount of said set-off exceeds the amount of plaintiff's claim by the sum of four hundred and ninety dollars, the defendant is entitled to a judgment in his favor against the plaintiff herein in the sum of four hundred and ninety ($490.00) dollars, which sum is now due this defendant and is wholly unpaid."

Section 2-1016 Burns 1933, section 120 Baldwin's 1934, specifically limits the cases in which a set-off may be allowed to "actions for money demands on contracts." It is admitted that the cause stated in the complaint before us is such an action. Said section of the statute *further* prescribes however that only such set-offs are allowed, in such cases, which set-offs *"consist of matter arising out of debt, duty or contract,* liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." (Our italics.)

Appellant contends that the "cross-complaint and each paragraph thereof, sets forth a contractual relation that existed over a period of time between the Fletcher Trust Company, appellee, and appellant's predecessor in interest; a breach of duty imposed by this contractual relation is alleged; the matter for which appellant seeks to recover was a matter of contract in itself, i. e., the sale by appellee of a quantity of worthless stock, by means of which sale the appellee acquired the sum of money now sought to be recovered by appellant by way of set-off." Said contention leads to a confusion of a tort action with an action in contract.

"In a certain sense a wrong is involved in every breach of contract. But such wrong must be distinguished from the wrong which constitutes a tort.

"In a suit for damages for the breach of a contract, the action arises out of the agreement of the parties . . ., whereas the right of action for a tort arises out of a duty fixed by law, (and) is independent of the will or agreement of the parties. . . ." *Federal Life Ins. Co.* v. *Maxam* (1919), 70 Ind. App. 266, p. 287, 117 N. E. 801.

Appellant relies primarily upon *W. A. Flint Co.* v. *John V. Farwell Co.* (1922), 192 Ind. 439, 136 N. E. 839; *Frankel* v. *Mich. Mut. Life Ins. Co.* (1902), 158 Ind. 304, 62 N. E. 703; *Law* v. *Vierling* (1873), 45 Ind. 25; and *Sawyer* v. *Hass* (1923), 79 Ind. App. 192, 137 N. E. 622, to support his said contention. None of said cases are in point here. The set-off in each of the first three of such cases was a claim based upon a promise, agreement or contract. The set-off in the last of said cases was a claim to recover usurious interest paid by the claimant.

Appellant contends that appellee's challenge to the cross-complaint should have been by demurrer, and not by a motion to strike.

In *Boil et al.* v. *Simms* (1877), 60 Ind. 162, p. 168, the court said:

"A set-off, strictly speaking, is not a defence to the action in which it may be filed; it is simply a cross-action, and can only be interposed by a defendant, by the express authority of the statute. As a cross-action, the set-off must state facts sufficient to constitute, not a defence to the action in which it may be filed, but a cause of action against the party plaintiff in such action. If the set-off states a cause of action, the objection thereto, that it has been filed in an action in which a set-off is not allowed by law, can not be reached by any of the statutory causes of demurrer." See also *Howlett* v. *Dilts* (1891), 4 Ind. App. 23, 30 N. E. 313; *Penn-Amer. Plate Glass Co.* v. *Harshaw, Fuller*

*and Goodwin Co.* (1910), 46 Ind. App. 645, 90 N. E. 1047,

Said language of our Supreme Court is authority for holding that it was proper to challenge the cross-complaint in the instant case by a motion to strike, and we so hold.

The court did not commit error in striking the cross-complaint, or either paragraph thereof.

The judgment is affirmed.